# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | |
|---|---|
| Tuition Payer 100, Viewed Student Female 200, Viewed Student Male 300, on behalf of themselves and all others similarly situated, | C/A No. _2:21-cv-613_-RMG |
| Plaintiffs, | |
| vs. | **NOTICE OF REMOVAL** |
| The Bishop of Charleston, a Corporation Sole, Bishop England High School, Tortfeasors 1-10, The Bishop of the Diocese of Charleston, in his official capacity, and Robert Guglielmone, individually, | |
| Defendants. | |

**TO:    THE HONORABLE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, CHARLESTON DIVISION; THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT, BERKELEY COUNTY, SOUTH CAROLINA; AND ALL PARTIES AND ATTORNEYS OF RECORD:**

YOU WILL PLEASE TAKE NOTICE that Defendants, The Bishop of Charleston, a Corporation Sole, Bishop England High School, The Bishop of the Diocese of Charleston, in his official capacity, and Robert Guglielmone, individually, hereby invoke the removal jurisdiction of the United States District Court for the District of South Carolina, Charleston Division pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, 1453(b), and Local Civil Rules 83.IV.01 and 83.IV.02, based upon the following:

1.      Plaintiffs commenced this action by filing the Summons and Complaint with the South Carolina Court of Common Pleas for Berkeley County on February 3, 2021. *See* Civil

1

Action No.: 2021-CP-08-00256.  A copy of all process, if any, and pleadings filed in the state court action is attached hereto as Exhibit A.

2.      This action is currently pending in the Court of Common Pleas for Berkeley County, South Carolina, located within the Charleston Division of this Court.  The named Defendants were served on February 4, 2021; thus, this removal is timely.  The identities of fictitious parties may be ignored.

3.      This action is removable to this Court pursuant to 28 U.S.C. § 1453(b) as a class action.  Removal pursuant to Section 1453(b) is without regard to whether any defendant is a citizen of the State in which the action is brought, and such action may be removed by any defendant without consent of all defendants.  Accordingly, no joinder or consent by any other defendant, including the as yet unnamed Tortfeasors 1-10 Defendants named in this action, is required for this removal.

4.      This action is removable to this Court pursuant to 28 U.S.C. § 1332(d)(2) as a class action.  Congress conferred subject matter jurisdiction upon federal courts over class actions in which there are more than 100 putative class members who seek to recover in excess of Five Million and 00/100 Dollars ($5,000,000.00) in the aggregate, and in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  The citizenship of a corporation is determined by the State in which it is incorporated and the State in which it has its principal place of business.  *See id.*, 28 U.S.C. § 1331(c)(1).

5.      At the time of the commencement of this action and of the filing of this Notice of Removal, the Bishop of South Carolina, a Corporation Sole, is organized and exists pursuant to the laws of the State of South Carolina and has its principal place of business in this State.

6.    At the time of the commencement of this action and of the filing of this Notice of Removal, the Bishop of the Diocese of Charleston is an individual who is a resident and citizen of the State of South Carolina.

7.    At the time of the commencement of this action and of the filing of this Notice of Removal, Bishop England High School is an operation of Bishop of Charleston, a Corporation Sole, and has no separate legal existence.

8.    At the time of the commencement of this action and of the filing of this Notice of Removal, Robert Guglielmone is an individual who is a resident and citizen of the State of South Carolina.

9.    At the time of the commencement of this action and of the filing of this Notice of Removal, one or more members of the putative classes identified in Plaintiffs' Complaint are citizens of a State or States other than South Carolina. *See* Decl. of Patrick Finneran attached hereto as Exhibit B.  According to Plaintiffs' Complaint, the allegedly tortious conduct occurred for at least two decades, at least since 1998.  Pls.' Compl. ¶ 1.  Moreover, Plaintiff's Complaint lists Tuition Payer 100, Viewed Student Female 200, and Viewed Student Male 300 as "named" Plaintiffs.  Further, Plaintiffs allege "the number of members of each Class is likely to exceed 100 persons, perhaps several hundreds or even a thousand or more individuals. . . ." *Id.* at ¶ 62.  Thus, a fair reading of Plaintiffs' Complaint is that the members of each of the proposed classes of Plaintiffs exceed 100.  *See* U.S.C. § 1332(d)(5).

10.    Inasmuch as Defendants are South Carolina citizens and at least one putative class member is a citizen of a State other than South Carolina, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

11.     The amount in controversy required by 28 U.S.C. § 1332(d)(2) also is met. Pursuant to 28 U.S.C. § 1332(d)(6), claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.  Based upon the allegations contained in the Complaint, which Defendants deny, the amount in controversy clearly exceeds $5,000,000.00.  Specifically, Plaintiffs seek to certify a "tuition class" that claims damages of One Hundred Fifty Million and 00/100 Dollars ($150,000,000.00) and a "viewed class" that also claims damages of One Hundred Fifty Million and 00/100 Dollars ($150,000,000.00).  *See* Compl. ¶¶ 21-22.

12.     The United States District Court for the District of South Carolina, Charleston Division, encompasses the place where this action is pending in state court and is, therefore, an appropriate venue pursuant to 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 95(a)(2).

13.     As required by 28 U.S.C. § 1446(d), written Notice of Removal is being given to all adverse parties and a copy of the Notice is being filed with the Clerk of the South Carolina Court of Common Pleas for Berkeley County.

14.     In accordance with 28 U.S.C. § 1446(d), the Clerk of Court from which this action is removed has been served with a copy of the Notice of Removal.

WHEREFORE, the Defendants, by counsel, give notice that the within civil action, previously pending in the South Carolina Court of Common Pleas for Berkeley County has been removed to the United States District Court for District of South Carolina, Charleston Division.

(Signature page to follow)

4

Respectfully submitted,

**TURNER, PADGET, GRAHAM & LANEY, P.A.**

March 3, 2021                    By:    s/ Carmelo B. Sammataro

Richard S. Dukes, Jr., Federal ID No.  7340
40 Calhoun Street, Suite 200
Charleston, SC 29401
Phone: (843) 576-2810
Fax: (843) 577-1646
Email:  rdukes@turnerpadget.com

Carmelo B. Sammataro, Federal ID No. 9174
Post Office Box 1473
Columbia, SC 29202
Phone: (803) 254-2200
Fax: (803) 799-3957
Email: ssammataro@turnerpadget.com

Meghan A. Rudd, Federal ID No. 13303
Post Office Box 1509
Greenville, SC 29602
Phone: (864) 552-4600
Fax: (864) 552-4620
Email:  mrudd@turnerpadget.com

**ATTORNEYS FOR DIOCESE DEFENDANTS**