EXHIBIT A

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | ) | Case No. |
| | ) | |
| Tuition Payer 100, | ) | |
| Viewed Student Female 200, | ) | |
| Viewed Student Male 300, | ) | |
| on behalf of themselves and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **SUMMONS** |
| | ) | |
| The Bishop of Charleston, a Corporation | ) | |
| Sole, Bishop England High School, | ) | |
| Tortfeasors 1-10, The Bishop of the Diocese | ) | |
| of Charleston, in his official capacity, and | ) | |
| Robert Guglielmone, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the below subscribed attorney at their office 622 Johnnie Dodds Blvd., Mount Pleasant, SC 29464, within thirty (30) days from the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

THE RICHTER FIRM, LLC

s/Lawrence E. Richter, Jr.
Lawrence E. Richter, Jr. (SC Bar No. 4724)
Anna E. Richter (SC Bar No. 100787)
622 Johnnie Dodds Blvd.
Mt. Pleasant, SC  29464
Phone: 843-849-6000
LRichter@RichterFirm.com
Anna@RichterFirm.com

-AND-

Carl L. Solomon (SC Bar No. 7306)
Solomon Law Group, LLC
P.O. Box 1866
Columbia, SC  29202
Phone: 803-391-3120
carl@solomonlawsc.com

-AND-

Daniel Scott Slotchiver (SC Bar No. 15129)
Stephen Slotchiver (SC Bar No. 65477)
Slotchiver & Slotchiver LLP
751 Johnnie Dodds Blvd, Suite 100
Mt. Pleasant, South Carolina 29464
Phone: 843-577-6531
dan@slotchiverlaw.com
steve@slotchiverlaw.com

-AND-

Brent S. Halversen (SC Bar No. 76495)
Brent Souther Halversen, LLC
751 Johnnie Dodds Blvd, Suite 200
Mt. Pleasant, South Carolina 29464
Phone: 843-284-5790
brent@halversenlaw.com

*Attorneys for Plaintiffs*

February 3, 2021
Mount Pleasant, South Carolina

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT |
| ) | |
| COUNTY OF BERKELEY ) | Case No. |
| ) | |
| Tuition Payer 100, ) | |
| Viewed Student Female 200, ) | |
| Viewed Student Male 300, ) | |
| on behalf of themselves and all others ) | |
| Similarly situated, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **CONSOLIDATED CLASS ACTION** |
| ) | **COMPLAINT** |
| The Bishop of Charleston, a Corporation ) | |
| Sole, Bishop England High School, ) | |
| Tortfeasors 1-10, The Bishop of the Diocese ) | |
| of Charleston, in his official capacity, and ) | |
| Robert Guglielmone, individually, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiffs, by and through their undersigned counsel, bring this action in their individual

capacities and on behalf of the class of persons defined below against Defendants The Bishop of

Charleston, a Corporation Sole, ("Diocese"), Bishop England High School ("BEHS"),

Tortfeasors 1-10 whose identity is unknown/not sufficiently known, nor formally or specifically

known because of the dishonest, deceptive, deceitful conduct of Defendants herein and/or others,

but whose identity and specific acts Plaintiffs will seek to learn in discovery in this case, and

who may be added as additional parties Defendant, and Robert Guglielmone, individually, in

addition to his official role as Bishop, head, of the Diocese of Charleston, who has sought to alter

truth and/or impede and/or avoid and cover up Defendants' actions related to sexual and/or other

abuse of children, and who acted improperly, illegally, and conspiratorially to the detriment of

Plaintiffs herein and for the benefit of Defendants herein, all improperly and impermissibly so

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

(collectively "Defendants"). This action is based upon Plaintiffs' personal knowledge, except as to any allegations on information and belief, and as to any such, Plaintiffs believe them to be true.

## I.    OVERVIEW OF THIS ACTION

1.    This class action lawsuit arises from egregious acts of BEHS by and through its employees, agents and/or servants and by the Diocese which governs the same and its Bishop. For at least two decades (since 1998) BEHS students were made and required to disrobe partially or fully, exposing themselves in locker rooms controlled by Defendants BEHS and the Diocese. Each of the locker rooms (boys and girls) were subject to viewing through a large glass window, positioned at desktop height as shown on **Exhibit 1**, while students were using the dressing room/locker room/shower room/toilet room facilities at Bishop England High School. At some times the referenced students were completely clothed. At times the students were partially or completely nude.

2.    Defendants acted together with, in the name of, for their mutual benefit, on behalf of, by, through, for, and in conjunction with, each other.

3.    BEHS students are and were during the relevant time period required to take physical education classes and to use the referenced dressing rooms for purposes of changing clothes and/or putting on various forms of equipment and cleaning themselves.

4.    The confirmed exposure of BEHS students became public knowledge in May of 2019 when an employee of BEHS was found to have made video recordings of BEHS students who were either partially or entirely unclothed while using the described facilities.  That individual was arrested, criminally charged with voyeurism, subsequently entered a plea of guilty

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

in the Berkeley County Court of General Sessions, and was sentenced. A copy of the Indictments and Sentencing Sheet are attached hereto as **Exhibit 2**.

5.      Until this matter became public as described above, the parents, guardians, and/or tuition payers for the viewed students were not aware of the existence of the viewing windows referenced herein nor that they were being utilized by BEHS employees and agents or others to view BEHS students. At this same time period the subject students, Plaintiffs/the VIEWED CLASS, learned, understood, realized, came to know the use of the windows, and that those, almost entirely minor students had been objectified, their privacy invaded and compromised, and they were sickened, betrayed, embarrassed, fearful, and sad; they still are today and will continue to suffer. Named Plaintiffs and all class members, in both classes, have damages far in excess of the South Carolina required minimum amount. All students in the VIEWED CLASS were trained, taught, and accepted that they were subject to the rules and conditions established and imposed by Defendants.

6.      Defendants have long held themselves out to be leading, moral, religious, and educational authorities, even after expressly stating publicly the kind and manner of education it would provide for the students for whom the subject tuition was paid. Defendants promised to provide this kind of education which had previously been so broadly described, and failed to do so but it kept the tuition money paid by TUITION CLASS and kept hiding their deplorable conduct from the class. Defendants boasted that BEHS provided a safe, moral, respectful, environment based on the teachings of the Catholic Church. Such was represented to Plaintiffs herein by Defendants.

7.      Defendants never revealed to the TUITION CLASS that children, students, were subject to viewing and were actually viewed during their use of the dressing rooms/locker room

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

facilities; and that the very purpose of the subject windows was to facilitate viewing of persons using the locker room dressing room facilities, whether such persons were naked or fully clothed.

8.      Dressing rooms/locker rooms are reasonably expected to be private, safe, personal spaces, just as are the bathroom facilities in the school. At all times since its opening on Daniel Island in 1998, BEHS has required male and female students, almost entirely minor children, and any others using such school facilities, to disrobe in view of the large plate glass windows which are in the shared walls of the dressing rooms/locker room and the offices of the BEHS athletic department and/or other school personnel.

9.      All users of the BEHS dressing rooms /locker room were subject to viewing by any persons who were in the viewing rooms or in any position to look through the clear glass window, for example when the door to the office space or viewing room was open or when entering the viewing area for some legitimate purpose.

10.     The viewing windows were each almost exactly four feet by four feet in size and, as stated previously, the bottom of each window was at desktop height.

11.     Access to the viewing room was also available to persons making deliveries, visiting, cleaning, and/or replacing or servicing equipment therein as wells as those referenced in paragraph 9 above.

12.     All Defendants knew or should have known of the danger and the propensity of persons to view students changing clothes in the dressing/locker room.

13.     Defendants knew or should have known that many persons associated with Catholic schools and churches had viewed and abused minor children, and that the Diocese has been ridden with priests who were sexual predators of children.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

14.     The many misdeeds of a sexual nature perpetrated by the clergy or other agents of the Diocese of Charleston, BEHS, and/or Bishop Robert Guglielmone in his official capacity and/or personal capacities, are well known to and have been many times admitted by Defendants. Because of this history, it should have been reasonably foreseeable that BEHS and all Defendants should have been sensitive to not creating an environment where such abuse and objectification would be able to develop, thrive, and prosper.

15.     Similar sentiments have been expressed by at least one Diocese official. Principal Finneran has made at least two writings so stating, attached hereto as **Exhibits 3 and 4**.

16.     Defendants had the authority to never have installed the windows or even make them, so that viewing students in the dressing/locker room was not even possible. Instead, the windows were covered with blinds that could be and were controlled and/or manipulated from within the viewing rooms; of course, without warning or knowledge to students or tuition payers.

17.     The unlawful and improper acts heretofore and hereafter referenced were committed and done without the knowledge or consent of the tuition payers or of the victims of such viewings, as is illustrated by indictments and guilty plea to the criminal charge brought against the BEHS employee referenced above. Further, the children victims did not and could not consent to such acts, criminal acts. After the window and viewing information became public, Defendants covered them with plywood within a matter of hours, this after being in place and used to view nude and/or partially nude children for more than twenty years.

18.     In addition, the persons who agreed to and paid tuition to BEHS for a certain class, quality, level of education, personal development, safety, and protection for each respective student, and the VIEWED CLASS students themselves, were never aware of such viewing facilities until the matter became publicly known.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

19.     Plaintiffs/class representatives bring this action on behalf of themselves and all persons paying tuition and/or fees or costs to BEHS for the purpose of obtaining for the respective student for whom such tuition was paid, the quality and kind of safe environment and education which Defendants BEHS and the Diocese publicly proclaimed would be afforded to the minor students who were all victims of the illicit activity heretofore referenced, and the same for all VIEWED CLASS Plaintiffs and members.

20.     Defendants failed and/or refused to take steps to protect the students from an obvious and foreseeable danger for more than twenty years.

21.     The relevant time period is the entire existence of the Daniel Island campus of BEHS during which time thousands of students, mostly children, were actual victims of voyeurism, invasion of privacy, objectification, shame, and other harms, or were susceptible, and at least hundreds, if not thousands, of tuition payers received what was not represented to them by Defendants: an unsafe environment for the child students. By this action the TUITION CLASS seeks damages of approximately One Hundred Fifty Million and 00/100 Dollars ($150,000,000.00) together with costs and attorneys fees, and with such additional relief and items of recovery as may be permissible for a class of tuition payers as referenced.

22.     Also sought is a class of those subjected to exposing their bodies, fully or partially unclothed, to various persons for viewing. By this action the VIEWED CLASS seeks damages of $150,000,000.00 together with costs and attorneys fees.

## II.     <u>JURISDICTION AND PARTIES</u>

23.     The Diocese is a corporation sole and the governance and organization of the Catholic Church throughout the entire state of South Carolina. It does business in all counties of

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

the state and the Bishop of the Diocese of Charleston is the ultimate authority for diocesan matters everywhere in the state.

24.     The Diocese has been sued many times in the state courts of South Carolina including in Charleston, Berkeley, and Dorchester counties, and has routinely been found subject to the jurisdiction of the presiding Court of Common Pleas.

25.     The Diocese has also brought suit in the state of South Carolina and alleged it is subject to jurisdiction of the presiding Court of Common Pleas.

26.     BEHS is a private school whose principal place of business is located in Berkeley County, South Carolina, at 363 Seven Farms Drive, Charleston, South Carolina 29492.

27.     BEHS and the Diocese of Charleston utilize aliases when transacting their business. It is difficult for someone wronged by the Diocese of Charleston, and/or its agents, or BEHS, and/or its agents, to know what name, for subterfuge or otherwise, each of these Defendants is operating under at a given point in time.  For example, attached hereto as **Exhibit 5**, is *Bishop England High School v. George Hudson and Eun-Hee Hudson, Civil Action Number 2011-CP-10-5391*, whereby BEHS, in that name, is suing to collect claimed due tuition payments. Also **Exhibit 6** is an Affidavit of John Barker, whereby he, an official of the Diocese, swears under oath that BEHS is not a separate entity and states that BEHS "does not exist as a separate juridic person apart from the Diocese. Therefore, its assets are entirely owned by the Diocese, and its civil law presence in the Corporation Sole." There are numerous other such examples in the permanent public records found in the counties of Charleston, Berkeley, and other counties in the state. See **Exhibit 7**, excerpts from the July 17, 2019 Transcript of Record in *John Doe v. The Bishop of Charleston, a Corporation Sole, et al, Civil Action Number 2018-CP-10-03929* and *Richard Roe v. The Bishop of Charleston, a Corporation Sole, et al, Civil*

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

*Action Number 2018-CP-10-04206* where counsel for the Defendants stated the Bishop of

Charleston "has no presence in civil law" and copies of other pleading excerpts showing the

Diocese Defendants being sued and suing in that name with the lawyer addressing the court and

disavowing the very existence of a party being the same lawyer who represented the "non

existing party" suing for money damages as a Plaintiff.

28.    BEHS is not incorporated.

29.    BEHS is not a partnership.

30.    BEHS is an unincorporated association.

31.    BEHS is an education facility operated by the Diocese and under the full and final

authority of the Diocese of Charleston through its Bishop. In addition, the Diocese has a

superintendent of education, whose office and activities are directed out of the diocesan offices

in Charleston, South Carolina.

32.    Plaintiff Tuition Payer 100 is a resident of the state of South Carolina, County of

Charleston, who have paid tuition for another person for a certain promised education in a certain

promised form, substance, manner, and style, which was not delivered as promised by BEHS

and/or the Diocese of Charleston and Plaintiffs Viewed Student Female 200 and Viewed Student

Male 300 are residents of the state of South Carolina, County of Charleston, who are victims of

the illegal and illicit practices of Defendants herein described and have been proximately

damaged as a result.

33.    Over the time that BEHS has been located in its current physical campus,

including buildings and grounds, a student body of approximately seven hundred students has

been maintained annually.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

34.     On information and belief, the current BEHS campus was constructed in the late 1990's and opened for student occupancy in August or September of 1998.

35.     To Plaintiffs' knowledge Vicars General and/or other officials of the Diocese did nothing to prevent students from being viewed by school authorities and others while the students were partly or fully nude in the locker room and perhaps otherwise, or to see that Defendants provided the things promised to tuition payers.

36.     To Plaintiffs' knowledge Patrick Finneran, now BEHS principal, did nothing to prevent students from being viewed by school authorities and others while the students were partly or fully nude in the locker room and perhaps otherwise, or to see that Defendants provided the things promised to tuition payers.

37.     To Plaintiffs' knowledge Paul Runey, coach and Athletic Director of BEHS, did nothing to prevent students from being viewed by school authorities and others while the students were partly or fully nude in the locker room and perhaps otherwise, or to see that Defendants provided the things promised to tuition payers.

38.     Robert Guglielmone, individually, in addition to his official role as Bishop, head, of the Diocese of Charleston, did nothing to prevent students from being viewed by school authorities and others while the students were partly or fully nude in the locker room and perhaps otherwise, and allowed the windows, the viewing, and the non disclosure of same to remain in place for approximately ten years of his term as Bishop. At the time of discovery of the events here condemned, the Bishop had held his position for some nine or ten years, and approved and/or allowed the viewing of the young students under his authority, control, and care partially or completely nude for that entire time.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

39.     Tortfeasors 1-10 are not fully known to Plaintiffs at this time. Upon fuller discovery of their identities and acts Plaintiffs reserve the right to add them to this litigation.

40.     This Court has jurisdiction over the parties hereto and the subject matter hereof, and venue is proper.

## FACTUAL SUMMARY OF KNOWN VOYERISM

41.     Upon information and belief, Jeffrey Alan Scofield is a graduate of BEHS who was later hired to serve as the school's Director of Sports Information.  Scofield at all times was an actual and/or apparent agent, servant, and/or employee of the Defendants.

### A.     SCOFIELD USES HIS OFFICE AS A "WINDOW" FOR SEXUAL EXPLOITATION OF YOUNG STUDENTS

42.     The locker rooms are used by male and female BEHS students and athletes who use the locker room in connection with athletic activities.

43.     Scofield's office at BEHS was one of three athletic offices that had a vantage or viewing point into the school's dressing rooms / locker rooms. The current campus of BEHS was constructed approximately twenty years ago and windows were intentionally designed and installed in three athletic offices to view into the various boys and girls dressing/locker rooms. Scofield's office in particular contained a window looking directly into the corridor of lockers and dressing area of each locker room.

44.     Plaintiffs, students at BEHS, routinely used the locker rooms for showering, changing clothes, and using the toilets and urinals during the course of their academic and athletic programs. Due to placement of windows in the athletic offices overviewing the corridor of lockers and dressing areas, including the window in Scofield's office, the children regularly engaged in private activities, including, but not limited to, changing clothes, disrobing, using the bathroom, and showering and drying in view of others including adult coaches, officials, staff, and unknown

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

persons.

### B.    SCOFIELD'S ILLICIT VOYEURISM AND SURVEILLANCE COMES TO LIGHT

45.    Upon information and belief, at some time on or about to May 1, 2019, the Defendants learned that Scofield had surreptitiously filmed students while they used a BEHS locker room, through the window viewing the locker room, and had stored recordings on an electronic device believed to be a computer belonging to BEHS.

46.    Breaking from their normal practice, some Defendant reported the above to law enforcement authorities. A perpetrator, an agent of the Diocese, was arrested by the City of Charleston Police Department ("CPD") on voyeurism related charges on the same day.

47.    On or around May 1, 2019, the parents of some victims were notified that their child/children had been recorded by Scofield, without consent or knowledge, in the locker room while partially and/or fully nude.

48.    News accounts indicate that images were taken by Scofield in February 2019 through one of the referenced viewing windows or otherwise peering into the locker room for the illicit purpose of surreptitiously observing, recording, and storing video, audio, and still images of victims while they undressed and/or were partly or fully nude.

49.    Upon information and belief, Scofield's illicit acts were motivated by: (i) his sexual orientation and/or experimentation (according to Scofield's arrest affidavit, the reason Scofield made and retained the victim videos was because they "piqued his interest"); (ii) his social media involvement with sites such as "Grindr" (advertised as "the world's largest social networking app for gay, bi, trans and queer people"); and (iii) his fondness for young boys (according to Scofield's arrest affidavit, Scofield admitted to police he "liked younger guys" and thought it was "hot" that his victims were 15 years old).

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

50.     Upon further information and belief, Scofield used equipment owned and/or controlled, albeit improperly so, by the Defendants to capture, upload, and/or store the videos, audio-recordings, and/or photographs depicting victim(s) naked or partially clothed.

51.     On further information and belief, CPD, SLED, the Special Victims Unit, Internet Crimes Against Children Task Force, the South Carolina Attorney General's Office and others are or have been conducting investigations into Defendants' and/or the recorder's activities.

52.     The Defendants were at all relevant times familiar with the activity of nude or partially nude photo making by agents of the Diocese having previously dealt with such sexual abuse acts, and many others, by priests working at churches and/or teaching school in the Diocese.

C.     INVASION OF PRIVACY OF BEHS STUDENTS

53.     For approximately twenty years, juvenile students, athletes, guests and others using BEHS's locker rooms have been viewed partially clothed, disrobing, showering, drying off, and fully nude by adult coaches, athletic officials, other agents, employees, and/or servants of the Defendants, and possibly others, due to the deliberate design of the athletic offices and locker rooms at BEHS, which were created for that very purpose.

54.     Scofield was only one such agent, employee, and/or servant of the Defendants, who had routine opportunity to observe BEHS students engaged in locker room activities (dressing/undressing, bathing/showering, using the facilities). Scofield had served as BEHS's Director of Sports Information for approximately five years, and, upon information and belief, during the same period Scofield had access to the window locations from which he watched, recorded, and/or took sexual pleasure from watching and recording students engaging in routine, innocent, and what Plaintiffs believed to be protected and private locker room activities. As detailed herein, it is known (at least to some degree) how Scofield used his position, office, and

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

view of the young students that undressed in his plain view; that is, as access to a steady, replenishing stream of unassuming and trusting victims, child students, who Scofield used to gain sexual pleasure and pornographic material for Scofield's personal use and potential and/or actual distribution and exposure to others.

55.     It is not yet fully known who, to what extent, or over what span of time he and others who had similar access to victims, used the opportunity for perverse personal pleasure; however, the fact that adult coaches, athletic officials, and other agents, employees, and/or servants of the Defendants and even strangers had routine, unfettered view of students in a locker room is intolerable and an invasion of privacy; and this arrangement has been in place for some twenty (20) years with the full knowledge, approval, utilization and control of Defendants.

56.     Upon information and belief, BEHS administrators, by and through the Diocese of Charleston and the Bishop, have terminated the known voyeur and obstructed the view of the locker rooms from the subject athletic offices by quickly placing plywood over the office windows as a measure to prevent further viewing. If this type of fix can be implemented in just a day or two it is absolutely mind boggling and completely intolerable that Defendants let this activity go unchecked for twenty years because it proves Defendants' ability to easily control the subject premises and the safety of the children they were entrusted with. Furthermore, it proves there was no compelling need for the viewing windows in the first place, ownership, control and the right to control being with Defendants, and capable of easy and inexpensive modification in short order without any threat to the integrity of the building itself.

## CLASS ALLEGATIONS AGAINST BISHOP ENGLAND, THE DIOCESE OF CHARLESTON, AND THE BISHOP

### A.     MAINTAINABILITY OF CLASS ACTION

57.     Plaintiffs adopt by reference all allegations contained in the paragraphs above as if

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

fully set forth herein and seek the formation of two classes, approval of class representatives and class counsel for each class as front end matters.

58.    The TUITION CLASS consists of all persons who paid tuition for BEHS student(s) – male and female – who at any time from the opening of the school year in 1998 through May 10, 2019 have been subjected to the use of BEHS's dressing rooms /locker rooms to undress and/or dress, shower, or for any other activity that would cause the student to be partially or fully nude, exposed to the viewing windows., Defendants' representatives or others, for photographing, recording, viewing, or otherwise intruded upon, subjected to, and exposed to people, employees of any Defendant, coaches, athletic officials or other agents, employees, servants, and invitees or permittees of the Defendants, or other persons; such students not being provided the safe, moral, respectful and private the manner Defendants represented they would be.  The Class is maintainable under Rule 23(a) of the South Carolina Rules of Civil Procedure for the reasons set forth previously herein and that follow.  Tuition Plaintiff is representative of the Class.  Hereinafter this class may be referred to as the "TUITION CLASS."

59.    Also, Plaintiffs seek a second class made up of students who during the relevant time period as set forth above were required by Defendants to robe and/or disrobe in the view of third parties. This class will be referred to as the VIEWED CLASS.

60.    The precise identities of the members of the Classes will be readily ascertainable through the records of Defendants.

61.    The VIEWED CLASS seeks damages for injuries to the members proximately and directly resulting from Defendants' wrongful conduct.

62.    The number of members of each Class is likely to well exceed 100 persons, perhaps several hundred or even a thousand or more individuals, and, therefore, are so numerous that

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

joinder of all members is impracticable; the BEHS average student population being some seven hundred persons over each of the years since 1998.

63.    The questions of law and fact in this action are common to the respective Classes and predominate over any question affecting only individual Class members.  They include, among others, questions as to:

a.    Tuition payment and the basis for same.

b.    Whether the Defendants are directly liable to the Class members for negligently designing, constructing, and maintaining and supervising or failing to supervise, the athletic offices and locker rooms at BEHS in a manner which exposed the using minors to be viewable partially or fully nude;

c.    Whether the Class members had a reasonable expectation of privacy in the dressing rooms / locker rooms;

d.    Whether Defendants' employees, coaches, athletic officials, or other agents, employees, and/or servants, invitees or permittees of the Defendants' observation, viewing, watching, or objectification of the students was an intrusion or invasion of privacy or other improper action by Defendants or any of them;

e.    Whether the students undressing, dressing, disrobing, and other similar locker room acts is a private matter;

f.    Whether Class members were or should have been warned that the students may be viewed by third parties, including officials/agents, invitees, permittees, and others, while such class members were naked or less than fully clothed;

g.    Whether the Class members may reasonably expect the students undressing, dressing, disrobing, and other similar locker room acts would be free from exposure to adults, such as Scofield and/or any other persons, including the making available of images of Plaintiffs to other persons;

h.    Whether Defendants' type of conduct was of a nature that would create an unsafe environment that could cause mental and/or physical injury to a person of ordinary sensibilities and intelligence in the same or similar circumstances as the students as a matter of law, and ultimately, as a matter of fact, and be detrimental to the environment represented by the Defendants;

i.    Whether the viewing activities of agents, employees, servants of the Defendants, observation, viewing, or watching of the students was intentional by

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

Defendants, was done willingly, and the result of such conduct was desired by the actor(s) and/or the actors knew or ought to have known that injurious results would flow from their conduct; and

      j.     Whether Scofield or the other coaches, athletic officials or other agents, employees, and/or servants, invitees and/or permittees and/or others subject to the Diocese Defendants' control or right to control, observation, viewing, or watching of the students was enabled by their employment by the Defendants or the placing of the windows and requiring student use of dressing/locker room facilities for their intended and usual purpose.

      k.     Whether it is proper for Defendants herein to require students to disrobe in an area viewable by others.

64.     Plaintiffs' claims are typical of the claims of the Class members, and the defenses relied upon by Defendants are typical of the defenses likely to be asserted to the claims asserted by members of each respective class.

65.     Plaintiffs share legal interests identical to those of the Class members, therefore, Plaintiffs will fairly and adequately represent and protect the interests of the Classes and are fully able to do so.

66.     Counsel bringing this action are fully able to conduct these claims and this litigation.

67.     The amount in controversy with respect to each member of each of the two classes exceeds one hundred dollars.

## COUNT I

**VIEWED CLASS WRONGFUL INTRUSION INTO PRIVATE AFFAIRS AGAINST THE DEFENDANTS**

68.     Plaintiffs adopt by reference all allegations contained in the paragraphs above as if fully set forth herein.  The allegations which follow apply as to each class.

69.     The VIEWED CLASS has a reasonable expectation of privacy when disrobing in the Dressing Rooms / Locker Rooms at BEHS.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

70.    Adult coaches, athletic officials, and other agents, employees, and/or servants of the Defendants and even strangers had routine, unfettered view of students in a locker room constituted an intrusion into the dignity and privacy of the VIEWED CLASS. In particular, the children regularly engaged in private activities, including, but not limited to, changing clothes, disrobing, using the bathroom, and showering and drying in view of such persons.

71.    The intrusion into the VIEWED CLASS' privacy was substantial and unreasonable such that it would cause mental injury to a person of ordinary feelings and intelligence in the same circumstances. Without limitation, there was- and is- no justification for the Defendants to have viewed naked children.

72.    The intrusion into the VIEWED CLASS' privacy was also intentional, as the windows were intentionally designed and installed in three athletic offices to view into the various boys and girls dressing/locker rooms for the specific purpose of intruding upon the VIEWED CLASS' seclusion and dignity. Moreover, the Defendants knew or should have known that , knew many persons associated with Catholic schools and churches had viewed and abused minor children, creating an environment where such abuse and objectification would be able to develop, thrive, and prosper.

73.    The Defendants' wrongful intrusion upon the private affairs of the VIEWED CLASS as alleged herein, establishes as a matter of law, the fact of damages to be determined by the trier of fact such trier of fact able to consider their invaded privacy and dignity to which the VIEWED CLASS seeks damages of approximately One Hundred Fifty Million and 00/100 Dollars ($150,000,000.00) together with costs and attorney's fees, and  with such additional relief and items of recovery as may be permissible for a class of tuition payers as referenced.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

## COUNT II

**TUITION CLASS DIRECT NEGLIGENCE AGAINST THE DEFENDANTS**

74.    Plaintiffs adopt by reference all allegations contained in the paragraphs above as if fully set forth herein.  The allegations which follow apply as to each class.

75.    Plaintiffs assert these claims against Defendants BEHS, the Diocese of Charleston, and/or the Bishop personally and in his official capacity, individually and on behalf of the TUITION CLASS.

76.    At all relevant times, Defendants owned, supervised, directed, operated and controlled BEHS or claimed the right to do so; although at various times when it suited their interests some or all Defendants have claimed BEHS was a separate entity from the Diocese of Charleston.

77.    At all relevant times, Defendants owed a special and continuing duty of care to maintain the safety and privacy of their students and athletes and other users of the facilities of the school, and to provide a moral, safe, and respectful environment for all students.

78.    At all relevant times, Defendants made assertions directly and indirectly to the TUITION CLASS that they would maintain the safety and privacy and morality of their students and athletes and other users of the facilities of the school and would treat students in a respectful and proper way.

79.    At all relevant times, Defendants owed a duty of care to those paying the tuition of students to maintain the safety and privacy and moral atmosphere of their students and athletes and other users of the facilities of the school.

80.    At all relevant times, Defendants appointed, engaged, employed, and/or contracted with architects, engineers, general contractors, builders, lawyers, insurers, and other professionals

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

to design, build, update, upgrade, up-fit, remodel, revise, and maintain the premises, including the athletic offices and locker rooms.

81.     Defendants breached their duties to the TUITION CLASS members by designing, constructing, and maintaining the BEHS locker rooms and athletic offices in a way that adult athletic officials or their other agents, employees, and/or servants and others would have unfettered, open, and intrusive view of the students while they engaged in private activities such as dressing, undressing, being nude, disrobing, showering and drying, and an opportunity for actors and perpetrators to derive sexual pleasure from such observation and recorded material. They further breached their duties to the TUITION CLASS s by failing to update, upgrade, up-fit, remodel, modify, and/or revise the configuration of the boys' and girls' locker rooms at any point over the past twenty plus years prior to May 1, 2019, in a way that would remove, obstruct, or otherwise block the subject windows and protect the students.

82.     As a direct, proximate, immediate, and foreseeable result of BEHS, the Diocese of Charleston, and/or the Bishop's conduct, the TUITION CLASS has suffered permanent economic damages and members of the TUITION CLASS all have been proximately damaged by Defendants' conduct and seek damages of approximately One Hundred Fifty Million and 00/100 Dollars ($150,000,000.00) together with costs and attorneys fees, and with such additional relief and items of recovery as may be permissible for a class of tuition payers as referenced.

## COUNT III

**TUITION CLASS UNJUST ENRICHMENT AGAINST THE DEFENDANTS**

83.     Plaintiffs adopt by reference all allegations contained in the paragraphs above as if fully set forth herein.

84.     Defendants were paid tuition in exchange for providing students an excellent

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

educational experience and a safe, trusting, moral, caring, and respectful environment.

85.    Defendants knew or should have known, and intended, that students could and would be viewed from the viewing rooms.

86.    Defendants failed to take adequate steps to prevent students from being viewed from the viewing areas.

87.    Defendants failed to fulfill their duty to provide a safe environment.

88.    Defendants were unjustly enriched through the payments of tuition for a safe environment that was not provided.

89.    Defendants' unjust enrichment flows from the conduct described in this Complaint.

90.    Under common law principles the Defendants should not be permitted to retain the benefits conferred (tuition paid).

91.    Plaintiffs seek disgorgement of all tuition payments and establishment of a constructive trust from which the TUITION CLASS may obtain restitution of approximately One Hundred Fifty Million and 00/100 Dollars ($150,000,000.00) together with costs and attorneys fees, and with such additional relief and items of recovery as may be permissible for a class of tuition payers as referenced

## COUNT IV

### TUITION CLASS BREACH OF WARRANTY AGAINST THE DEFENDANTS

92.    Plaintiffs adopt by reference all allegations contained in the paragraphs above as if fully set forth herein.

93.    At all relevant times, the Defendants appointed, engaged, employed, and/or contracted with Scofield to act as their actual and/or apparent, duly authorized agent, servant,

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

and/or employee and permitted Scofield to remain as such for many years.

94.    At all relevant times, the Defendants granted access to BEHS to Scofield, including, but not limited to, viewing rooms and placed him in a position of trust and authority over the students.

95.    Students were to be provided an excellent educational experience and safe, trusting, moral, caring, and respectful environment, but were not.

96.    In consideration for these representations, the TUITION CLASS paid tuition and various fees.

97.    By viewing students, using photography, video, and/or audio recording equipment in or near the changing room, as well as by actually recording students, and/or by failing to prevent the same, the Defendants breached the above warranties and/or caused breaches of the above warranties made by Defendants.

98.    Each Defendant is liable individually, by virtue of warranties they themselves made. Furthermore, each Defendant is liable for each other's warranties.

99.    The Defendants are furthermore liable by virtue of the fact that they are each responsible for the others' conduct and that of their employees, agents, representatives, permittees and those within the course and scope of their agency.

100.    All BEHS students were required to take physical education classes.

101.    All students were required to use the subject locker rooms.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

102.    All students were required to dress and undress in front of plate glass windows in the view of various BEHS faculty and staff members and others. The preserved recordings of student images on an instrument or instruments enabled others to view them.

103.    As a direct, foreseeable, and proximate result of Defendants' conduct, the TUITION CLASS has been proximately and directly harmed and damaged by Defendants in the amount of approximately One Hundred Fifty Million and 00/100 Dollars ($150,000,000.00) together with costs and attorneys fees, and with such additional relief and items of recovery as may be permissible for a class of tuition payers as referenced.

## COUNT V

**TUITION CLASS AND VIEWED CLASS NEGELEGENT HIRING, SUPERVISION AND RETENTION
AGAINST THE DEFENDANTS**

104.    Plaintiffs adopt by reference all allegations contained in the paragraphs above as if fully set forth herein.

105.    At all relevant times, the Defendants appointed, engaged, employed and/or contracted with Scofield and others to act as their actual and/or apparent, duly authorized agent, servant, and/or employee and permitted him to remain as such for all of the employment periods.

106.    At all relevant times, the Defendants granted privileges to Scofield and others to practice as an administrator, athletic director, coach, teacher, spiritual advisor, role model, and/or counselor and, thereby, render educational, athletic, spiritual, and personal services and guidance to their students, other youth, congregants, and/or community members.

107.    At all relevant times, the Defendants acted by and through Scofield and others – their agents, employees, and/or servants – acting within the scope and course of his agency and/or

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

employment.

108.    At all relevant times, the Defendants owed a continuing duty to: reasonably, carefully, conscientiously secure the services of qualified and well-trained agents, servants, and/or employees; to properly investigate, credential, qualify, select, monitor, and supervise their agents, servants, and/or employees; to promulgate and enforce proper and effective standards, procedures, protocols, systems, and rules to ensure quality care, safety, and privacy of the students; and to otherwise assure and maintain the safety and privacy of the students.

109.    The Defendants negligently breached the above-mentioned duties by hiring, retaining, failing to properly train, and failing to properly supervise Scofield and others, despite any reputation for improper, unlawful, inappropriate, lewd, and unprofessional conduct.

110.    The Defendants knew or should have known that Scofield engaged in improper, unlawful, inappropriate, lewd, illegal, and unprofessional conduct, including, but not limited to, photographing and/or videotaping students while naked and without consent or authorization and taking perverse pleasure in observing students innocently taking part in locker room acts, or otherwise viewing them.

111.    As a direct and proximate result of the Defendants' negligent hiring, training, retention, and supervision of Scofield and others, the TUITION CLASS and the VIEWED CLASS have suffered permanent damages and pecuniary losses to be established at trial.

## COUNT VI
### VIEWED CLASS NEGLIGENCE AGAINST ALL DEFENDANTS

112.    Plaintiffs adopt by reference all allegations contained in the paragraphs above as if fully set forth herein.

113.    Defendants are vicariously liable for all of their actions related to the matters

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

addressed in this lawsuit.

114.    Plaintiffs further assert this claim against Defendants in all of their various capacities.

115.    At all relevant times, Defendants directed, allowed, and/or encouraged adult athletic officials or others, including all their agents, employees, and/or servants, to observe, watch, monitor, spy, or otherwise view the VIEWED CLASS members in the subject locker rooms (male and female).

116.    Dressing rooms /Locker rooms are areas objectively and subjectively private, secure, and intimate places, and the VIEWED CLASS reasonably expected that they would have privacy in the subject locker rooms because, among other reasons, the male and female students and athletes, guests and others routinely undress, dress, shower, dry, and change clothes in these areas, which involves the participants being less than fully clothed and naked at times.

117.    Defendants and their agents or employees and adult athletic officials or other agents, employees, and/or servants of the Defendants who had access to the athletic offices with windows into the locker rooms invaded the privacy of the students by observing, watching, spying, or otherwise viewing them in the process of undressing, being nude, disrobing, and/or showering as well as performing acts of personal hygiene.  This conduct is and would be highly offensive to any ordinary, reasonably prudent person.

118.    Defendants' employees, agents, and others invaded the privacy of students by doing these things, and by viewing, photographing, videotaping, recording, and/or otherwise sexually exploiting the VIEWED CLASS while they were in the locker room for school and/or athletic and/or other proper activities without victims' knowledge or consent.

119.    As a direct and proximate result of the Defendants' negligent hiring, training,

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

retention, and supervision of agents and/or employees, the VIEWED CLASS has suffered damages and pecuniary losses to be established at trial.

120.    As the principals, masters, religious leaders, and/or employers of agents and various employees/servants and the other adult athletic officials or other agents, employees, and/or servants and/or others who had access to the athletic offices with windows or view corridors and invaded the students' privacy, the Defendants are liable for all the injuries and damages proximately and directly suffered by the VIEWED CLASS caused by the acts committed by Scofield and others, and seeks damages of approximately One Hundred Fifty Million and 00/100 Dollars ($150,000,000.00) together with costs and attorneys fees, and  with such additional relief and items of recovery as may be permissible for a class of tuition payers as referenced.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

a.    That the court determine that the claims alleged herein be maintained as Class actions under Rule 23 of the South Carolina Rules of Civil Procedure.

b.    That Plaintiffs and Class members be awarded damages for each class (TUITION and VIEWED), including disgorgement of ill gotten gains tuition related, and personal injury or tort damages against Defendants to members of the VIEWED CLASS against Defendants in an amount to be proven at trial;

c.    Establishment of the classes sought, all as to the TUITION CLASS and the VIEWED CLASS.

d.    Appointment of Plaintiffs as class representatives as sought, all as to the TUITION CLASS and VIEWED CLASS.

e.    Approval of class counsel as sought, all as to the TUITION CLASS and VIEWED

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

CLASS.

      f.      Awarding Plaintiffs and the Class members actual damages in an amount to be proven at trial;

      g.      Awarding Plaintiffs and the Class members punitive damages in an amount to be proven at trial;

      h.      Awarding Plaintiffs and the Class members such other relief as may be appropriate; and

      i.      Granting Plaintiffs and the Class members prejudgment interest, costs, and reasonable attorneys' fees.

## JURY TRIAL DEMAND

Plaintiffs demand that this case be tried by a jury on all counts.


Respectfully submitted,


THE RICHTER FIRM, LLC


s/Lawrence E. Richter, Jr.
Lawrence E. Richter, Jr. (SC Bar No. 4724)
Anna E. Richter (SC Bar No. 100787)
622 Johnnie Dodds Blvd.
Mt. Pleasant, SC  29464
Phone: 843-849-6000
LRichter@RichterFirm.com
Anna@RichterFirm.com

-AND-

Carl L. Solomon (SC Bar No. 7306)
Solomon Law Group, LLC
P.O. Box 1866

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

Columbia, SC  29202
Phone: 803-391-3120
carl@solomonlawsc.com

-AND-

Daniel Scott Slotchiver (SC Bar No. 15129)
Stephen Slotchiver (SC Bar No. 65477)
Slotchiver & Slotchiver LLP
751 Johnnie Dodds Blvd, Suite 100
Mt. Pleasant, South Carolina 29464
Phone: 843-577-6531
dan@slotchiverlaw.com
steve@slotchiverlaw.com

-AND-

Brent S. Halversen (SC Bar No. 76495)
Brent Souther Halversen, LLC
751 Johnnie Dodds Blvd, Suite 200
Mt. Pleasant, South Carolina 29464
Phone: 843-284-5790
brent@halversenlaw.com

*Attorneys for Plaintiffs*

February 3, 2021
Mount Pleasant, South Carolina

# Exhibit 1

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256



ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

# Exhibit 2

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

DOCKET NO.    2019-GS-08-01294

# The State of South Carolina

## County of BERKELEY

### COURT OF GENERAL SESSIONS

_____ TERM 2019

THE STATE

vs.

JEFFREY ALAN SCOFIELD
D.O.B. 11/05/1986

Indictment for

**VOYEURISM**

S.C. CODE §16-17-0470(B)
CDR Code: 2865

---

After being fully advised as to my
legal rights, I hereby waive presentment
to the Grand Jury.

_____
Defendant

I hereby appear in my own proper person and plead
guilty to the within indictment or to

_____
Defendant

Witness: _____

C.C.C. PLS. AND G.S.

FILED

19 MAY 29 PM 12: 41

_EA_____ FEE
CLERK OF COURT
BERKELEY COUNTY. SC

---

**WITNESSES**
Brittany Harvill – City of Charleston Police Dept.

_____

ARREST WARRANT NUMBER
K-740706

ACTION OF THE GRAND JURY
True Bill

_____
Foreperson of Grand Jury
Date: 5/29/19

**VERDICT**

_____
Foreperson of Petit Jury
Date:

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

STATE OF SOUTH CAROLINA  )                    **INDICTMENT**
                         )
COUNTY OF BERKELEY       )                    **VOYEURISM**

At a Court of General Sessions, convened on _____, 2019, the Grand Jurors of Berkeley County present upon their oath:

That Jeffrey Alan Scofield, did in Berkeley County, between January 1, 2019 and May 1 2019, commit the crime of Voyeurism. To wit: Jeffrey Alan Scofield did, for the purpose of arousing or gratifying the sexual desire of any person, knowingly view, photograph, audio record, video record, produce or create a digital electronic file, or film another person (C.M.) without that person's knowledge and consent while that person was in a place where she would have a reasonable expectation of privacy. This incident occurred within the County of Berkeley, State of South Carolina, and is in direct violation of Section 16-17-470(B) of the South Carolina Code of Laws (1976), as amended.

Against the peace and dignity of the State, and contrary to the statute in such case made and provided.

OFFICE OF THE ATTORNEY GENERAL

ALAN WILSON (070)
ATTORNEY GENERAL

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

DOCKET NO.   2019-GS-08-01295

# The State of South Carolina

## County of BERKELEY

### COURT OF GENERAL SESSIONS

_____ TERM 2019

THE STATE

vs.

JEFFREY ALAN SCOFIELD
D.O.B. 11/05/1986

Indictment for

**VOYEURISM**

S.C. CODE §16-17-0470(B)
CDR Code: 2865

---

After being fully advised as to my
legal rights, I hereby waive presentment
to the Grand Jury.

_____
Defendant

I
hereby appear in my own proper person and plead
guilty to the within indictment or to

_____
Defendant

Witness: _____

C.C.C. PLS. AND G.S.

FILED

19 MAY 29  PH 12: 41

LEA____  ____BEE
CLE____  ____OURT
BERKELEY COUNTY, SC

---

**WITNESSES**

Brittany Harvill – City of Charleston Police Dept.

_____

**ARREST WARRANT NUMBER**
K-740707

**ACTION OF GRAND JURY**
True Bill

_____
Foreperson of Grand Jury
Date: 5/29/19

**VERDICT**

_____

_____
Foreperson of Petit Jury
Date:

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

| STATE OF SOUTH CAROLINA | ) | INDICTMENT |
|---|---|---|
| | ) | |
| COUNTY OF BERKELEY | ) | VOYEURISM |

At a Court of General Sessions, convened on _____, 2019, the Grand Jurors of Berkeley County present upon their oath:

That Jeffrey Alan Scofield, did in Berkeley County, between January 1, 2019 and May 1 2019, commit the crime of Voyeurism. To wit: Jeffrey Alan Scofield did, for the purpose of arousing or gratifying the sexual desire of any person, knowingly view, photograph, audio record, video record, produce or create a digital electronic file, or film another person (D.P.) without that person's knowledge and consent while that person was in a place where she would have a reasonable expectation of privacy. This incident occurred within the County of Berkeley, State of South Carolina, and is in direct violation of Section 16-17-470(B) of the South Carolina Code of Laws (1976), as amended.

Against the peace and dignity of the State, and contrary to the statute in such case made and provided.

OFFICE OF THE ATTORNEY GENERAL

ALAN WILSON (DTC)
ATTORNEY GENERAL

FILED

JUN - 9 2020

LEAH GUERRY DUPREE
CLERK OF COURT
BERKELEY COUNTY, SC

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

**STATE OF SOUTH CAROLINA**

**COUNTY OF** Berkeley

**STATE**

VS.

Jeffrey Alan Scofield

AKA:

Race: W    Sex: M    Age: 33

DOB: ████ 1986    SS#: ████

Address: ████

City, State, Zip: North Charleston, SC 29400

DL# ████    *  SID# ████

*CDL Yes ☐ No ☐ CMV Yes ☐ No ☐ Hazmat Yes ☐ No ☐

**IN THE COURT OF GENERAL SESSIONS**

CASE #

INDICTMENT/CASE#:  2019 -GS- 08 - 01294

A/W#:  K-740706

Date of Offense:  Between Jan 1, 2019 & May 1, 2019

S.C. Code §:  16-17-0470(B)

CDR Code #:  2865

**SENTENCE SHEET**

In disposition of the said indictment comes now the Defendant who was ☐ CONVICTED OF or ☑ PLEADS
TO:  Communicating Obscene Messages to Other Persons Without Consent ~ VOYEURISM
In violation of §  16-17-0470(B)  of the S.C. Code of Laws, bearing CDR Code #  2865
☑ NON-VIOLENT    ☐ VIOLENT    ☐ SERIOUS    ☐ MOST SERIOUS    ☐ Mandatory GPS (CSC w/minor 1st or Lawd Act)    ☐ §17-25-45

The charge is: ☑ As indicted,    ☐ Lesser Included Offense,    ☐ Defendant Waives Presentment to Grand Jury.    _____ (def.'s initials)
The plea is: ☑ Without Negotiations or Recommendation,    ☐ Negotiated Sentence,    ☐ Recommendation by the State.

ATTEST: _____

_____68556_____
Assistant Attorney General    SC Bar #

_video_
Defendant

_video_
Attorney for Defendant    SC Bar #

WHEREFORE, the Defendant is committed to the ☑ State Department of Corrections or ☐ County Detention Center,
for a determinate term of  2  days/months/years or ☐ under the Youthful Offender Act not to exceed _____ years
and/or to pay a fine of $ _____ ; provided that upon the service of _____ days/months/years and or payment
of $ _____ ; plus costs and assessments as applicable*; the balance is suspended with probation for  18
(months/years) and subject to South Carolina Department of Probation, Parole and Pardon Services standard conditions of probation, which are
incorporated by reference.
☐ CONCURRENT or ☐ CONSECUTIVE to sentence on:
☑ The Defendant is to be given credit for time served pursuant to S.C. Code §24-13-40 to be calculated and applied by the State
Department of Corrections.
☐ The Defendant is to be placed on Central Registry of Child Abuse and Neglect pursuant to S.C. Code §17-25-135.
Pursuant to 18 U.S.C. Section 922, it is unlawful for a person convicted of a violation of Section 16-25-20 or 16-25-65 (Criminal
Domestic Violence) to ship, transport, possess, or receive a firearm or ammunition.

**SPECIAL CONDITIONS:**

☐ RESTITUTION:    ☐ Deferred    ☐ Def. Waives Hearing    ☐ Ordered    PTUP

Total:  $ _____  plus 20% fee:  $ _____    _____ days/hours Public Service Employment

Payment Terms: _____    Obtain GED  ☑

☐ Set by SCDPPPS    Attend Voc. Rehab. Or Job Corp. _____

May serve W/E beginning _____

Recipient: _____    Substance Abuse Counseling  ☑

Random Drug/Alcohol Testing  ☐

*Fine:
| | | |
|---|---|---|
| §14-1-206 (Assessments 107.5%) | | $ _____ |
| §14-1-211 (A)(1)(Conv. Surcharge) | $100 | $ 100.00 |
| §14-1-211 (A)(2)(DUI Surcharge) | $100 | $ _____ |
| §56-5-2995 (DUI Assessment) | $12 | $ _____ |
| §56-1-286 (DUI Breath Test) | $25 | $ _____ |
| Proviso 47.9 (Public Def/Prob) | $500 | $ 500.00 |
| §14-1-212 (Law Enforce. Funding) | $25 | $ 25.00 |
| §14-1-213 (Drug Court Surcharge) | $150 | $ _____ |
| §50-21-114 (BUI Breath Test Fee) | $50 | $ _____ |
| §56-5-2942(J) (Vehicle Assessment) | $40/ea | $ _____ |
| Proviso 90.5 (SCCJA Surcharge) | $5 | $ _____ |
| 3% to County (if paid in installments) | | $ _____ |
| TOTAL | | $ 18.75 |
| | | $ 138.75 |
| | | 643.75 |

Fine may be pd. in equal consecutive weekly/monthly
pmts. of $ _____    Beginning _____
$ _____    Paid to Public Defender Fund

Other:  Mental health counseling
No contact w/ victims
or family members

☑ Appointed PD or appointed other counsel.
§47.12 requires $500 be paid to Clerk
during probation.

Clerk of Court/Deputy Clerk  C. Sanchez

Court Reporter:  Denise Lauder

Presiding Judge _____
Judge Code:  2184
Sentence Date  6/9/2020

SCCA/217 (03/2011)

# Exhibit 3

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

----- Forwarded Message -----
**From:** Patrick Finneran <messenger@plusportals.com>
**To:**
**Sent:** Tuesday, May 7, 2019 8:27 AM
**Subject:** Parent Letter regarding Jeffrey Scofield - May 7

Dear Parents,

Thank you for your patience and understanding throughout the last week. Our school community has experienced a shocking breach of trust by a now former employee who had been a trusted member of our school community for many years. We acted immediately upon being notified of the situation, and we have attempted to keep you up-to-date on the pertinent information as the events unfolded. This letter comes to you today to continue to share information and our response to this disturbing event. When the school was built twenty years ago, windows were installed in three of the coaches' offices to allow for monitoring of the PE and sports locker rooms. We are currently working to have those windows permanently removed and bricked in. In the meantime, plywood has been installed (Monday afternoon) to temporarily cover those windows until the contractors can permanently rectify the situation later this week. Additionally, some inaccurate/misleading information has been circulated. Please refer to the City of Charleston Police Department's press release and the release from the Diocese of Charleston that were sent to you last week in order to avail yourself of the accurate information related to the situation.

As with all things, our primary responsibility is for our students. We are blessed to have Father Babick and our school counselors available throughout the school day to speak with anyone who feels the need to discuss the situation. If you feel that your child needs additional counseling, Louisa Storen, Victim Advocate for the Diocese of Charleston (843-921-8122), is another resource available to our students and their families.

We will meet collectively with our students this afternoon to talk about the issue and to ensure that they are all aware of the resources available to them. While it is not possible to "make sense" of the choice that was made, we hope to assist our students and encourage them to process by talking with their parents and school personnel so that we can all move forward from this event acting in a Christ-like manner.

The Bishop England High School community will weather this storm thanks to the prayers and good works of all of those who choose to act in its best interest. If you have any questions or concerns, please feel free to reach out to me. Again, thank you for your continued support of Bishop England High School.

God bless,

*Patrick Finneran*
Principal
Bishop England High School

# Exhibit 4

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

6:01

228



Last Thursday, June 27, an officer with the Charleston City Police Department informed us of a report of an allegation of sexual misconduct involving a minor that occurred on the Bishop England campus. According to the incident report, the alleged sexual offense took place approximately a year ago and involved unwanted touching. We are cooperating with the authorities in connection with their investigation. We will continue to update you on this investigation as information becomes publicly available.

Any victim of child sexual misconduct or abuse by diocesan personnel is encouraged to contact law enforcement, and then to contact the Diocese's Victim Assistance Coordinator, Louisa Storen, at 800-921-8122, to request access to pastoral resources, including a counseling referral when appropriate.


God bless,


Patrick Finneran
Principal
Bishop England High School
843.849.9599 ext 118

   

# Exhibit 5

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON ) | |
| BISHOP ENGLAND HIGH SCHOOL, ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| ) | 2011 - CP - 10 - 5391 |
| vs. ) | |
| ) | |
| GEORGE HUDSON and EUN-HEE HUDSON, ) | |
| Defendant(s) ) | |

| (Please Print)  MARTIN LAW FIRM | SC Bar #: | 6492 |
|---|---|---|
| Submitted By:  JOHN F. MARTIN | Telephone #: | 843-762-2121 |
| Address:       113 WAPPOO CREEK DRIVE | Fax #: | 843-762-2333 |
|                CHARLESTON, SC 29412 | Other: | |
| | E-mail: | |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  *(Check all that apply)*
*\*If Action is Judgment/Settlement do not complete*

- ☐ JURY TRIAL demanded in complaint.    ☒ NON-JURY TRIAL demanded in complaint.
- ☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION *(Check One Box Below)*

**Contracts**
- ☐ Constructions (100)
- ☐ Debt Collection (110)
- ☐ Employment (120)
- ☐ General (130)
- ☒ Breach of Contract (140)
- ☐ Other (199)

**Torts - Professional Malpractice**
- ☐ Dental Malpractice (200)
- ☐ Legal Malpractice (210)
- ☐ Medical Malpractice (220)
- ☐ Notice/ File Med Mal (230)
- ☐ Other (299)

**Torts – Personal Injury**
- ☐ Assault/Slander/Libel (300)
- ☐ Conversion (310)
- ☐ Motor Vehicle Accident (320)
- ☐ Premises Liability (330)
- ☐ Products Liability (340)
- ☐ Personal Injury (350)
- ☐ Wrongful Death (360)
- ☐ Other (399)

**Real Property**
- ☐ Claim & Delivery (400)
- ☐ Condemnation (410)
- ☐ Foreclosure (420)
- ☐ Mechanic's Lien (430)
- ☐ Partition (440)
- ☐ Possession (450)
- ☐ Building Code Violation (460)
- ☐ Other (499)

**Inmate Petitions**
- ☐ PCR (500)
- ☐ Sexual Predator (510)
- ☐ Mandamus (520)
- ☐ Habeas Corpus (530)
- ☐ Other (599)

**Judgments/Settlements**
- ☐ Death Settlement (700)
- ☐ Foreign Judgment (710)
- ☐ Magistrate's Judgment (720)
- ☐ Minor Settlement (730)
- ☐ Transcript Judgment (740)
- ☐ Lis Pendens (750)
- ☐ Other (799)

**Administrative Law/Relief**
- ☐ Reinstate Driver's License (800)
- ☐ Judicial Review (810)
- ☐ Relief (820)
- ☐ Permanent Injunction (830)
- ☐ Forfeiture (840)
- ☐ Other (899)

**Appeals**
- ☐ Arbitration (900)
- ☐ Magistrate-Civil (910)
- ☐ Magistrate-Criminal (920)
- ☐ Municipal (930)
- ☐ Probate Court (940)
- ☐ SCDOT (950)
- ☐ Worker's Comp (960)
- ☐ Zoning Board (970)
- ☐ Administrative Law Judge (980)
- ☐ Public Service Commission (990)
- ☐ Employment Security Comm (991)
- ☐ Other (999)

**Special/Complex /Other**
- ☐ Environmental (600)
- ☐ Automobile Arb. (610)
- ☐ Medical (620)
- ☐ Other (699)
- ☐ Pharmaceuticals (630)
- ☐ Unfair Trade Practices (640)
- ☐ Out-of State Depositions (650)

Submitting Party Signature: _____    Date: 7/28/11

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

## FOR MANDATED ADR COUNTIES ONLY
Florence, Horry, Lexington, Richland, Greenville and Anderson

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE
DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

STATE OF SOUTH CAROLINA            )       IN THE COURT OF COMMON PLEAS
                                   )
COUNTY OF CHARLESTON               )       CASE NO: 2011-CP-10-5391
                                   )
BISHOP ENGLAND HIGH SCHOOL,        )
                                   )
          Plaintiff,               )
                                   )              **SUMMONS**
vs.                                )       (NON-JURY/COLLECTION ACTION)
                                   )
GEORGE HUDSON and EUNHEE HUDSON,   )
                                   )
          Defendants,              )
_____)

TO THE DEFENDANTS ABOVE NAMED:

          YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a

copy of which is herewith served upon you, and to serve a copy of your answer upon the subscriber at their

offices, Martin Law Firm, 113 Wappoo Creek Drive, Charleston, South Carolina 29412, within thirty (30)

days after the service hereof upon you, exclusive of the day of such service; and if you fail to answer or

otherwise plead within the time aforesaid, the Plaintiff herein will apply to the Court for the relief demanded

in the Complaint.


                                        MARTIN LAW FIRM

                                        John F. Martin
                                        113 Wappoo Creek Drive
                                        Charleston, SC  29412
                                        (843) 762-2121
                                        Attorney for Plaintiff


July ____, 2011
Charleston, South Carolina.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256



STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS
)
COUNTY OF CHARLESTON )    CASE NO: 2011-CP-10-5391
)
BISHOP ENGLAND HIGH SCHOOL, )
)
    Plaintiff, )
)    COMPLAINT
vs. )    (NON-JURY/COLLECTION ACTION)
)
GEORGE HUDSON and EUN-HEE HUDSON, )
)
    Defendants, )
_____ )

TO THE DEFENDANTS ABOVE-NAMED:

    Plaintiff complaining of Defendants would respectfully allege and state as follows:

    1.    That Plaintiff is a business duly organized and doing business in the County of Charleston, State of South Carolina.

    2.    That, upon information and belief, Defendants are residents in this State and County.

    3.    That Defendants entered into a contract to be performed in whole or in part in Charleston County with Plaintiff, Bishop England High School, ("hereinafter referred to as "Plaintiff").

    4.    The Defendant entered into a contract to pay tuition to Plaintiff for the education of Defendant's children.

    5.    That Defendants agreed to pay Plaintiff for said services received.

    6.    That Plaintiff has not been paid by Defendants as agreed, despite repeated demands by Plaintiff to Defendants, and that as a result, after crediting the said accounts with all credits due, there remains a balance due and unpaid to Plaintiff in the sum of Sixteen Thousand Four Hundred Sixty-Seven Dollars and 00/100 ($16,467.00), together with interest at the statutory rate and attorney's fees as may be permitted by South Carolina law and costs of this action as may be applicable.

    7.    That Plaintiff has made due demand for full payment and that full payment has not been received from Defendants.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

8.      That this lawsuit is an attempt to collect a debt.

9.      That Plaintiff has incurred, and continues to incur, collection fees and costs.

### FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

10.      That the allegations contained in the preceding paragraphs 1 through 9, inclusive, are incorporated herein as if specifically repeated.

11.      That Plaintiff performed all duties and obligations that were requested and required by Defendants under the parties' contract.

12.      That Defendants breached said contract by refusing to pay in full the monies owed for the services rendered.

13.      That as a result of Defendants' breach, Plaintiff has suffered and continues to suffer actual damages in an amount to be determined by the trier of fact.

### FOR A SECOND CAUSE OF ACTION

### (Quantum Meruit/Implied Contract)

14.      That the allegations contained in the preceding paragraphs 1 through 13, inclusive, are incorporated herein as if specifically repeated.

15.      That Defendants requested and required Plaintiff to provide the services.

16.      That Plaintiff provided all such services that were requested and required by Defendants.

17.      That Defendants knew that such services were being provided by Plaintiff, and knew that Plaintiff expected to receive payment for such services.

18.      That Defendants accepted and benefited from those services provided by Plaintiff.

19.      That Plaintiff has made due demand for payment and that payment in full has not been received from Defendants.

20.      That as a result of Defendants' refusal to pay in full for services and treatment rendered,

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

Plaintiff has suffered and continues to suffer actual damages in an amount to be determined by the trier of fact.

### FOR A THIRD CAUSE OF ACTION

#### (Unjust Enrichment)

21.    That the allegations contained in the preceding paragraphs 1 through 20, inclusive, are incorporated herein as if specifically repeated.

22.    That the actions alleged above of Defendants is contrary to equity and good conscience.

23.    That Defendants have been unjustly enriched by accepting and benefiting from such services provided by Plaintiff and refusing to pay in full for the same.

24.    As a direct and proximate result of Defendants' unjust enrichment, which was negligent, grossly negligent, wanton, willful, careless and reckless, Plaintiff suffered actual and consequential damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff demands judgment against the above-named Defendants in the total sum of Sixteen Thousand Four Hundred Sixty-Seven Dollars and 00/100 ($16,467.00), together with interest, attorney's fees, the costs and disbursements of this action and for such other and further relief as this Court may deem just and proper.

MARTIN LAW FIRM

John F. Martin
113 Wappoo Creek Drive
Charleston, SC 29412
(843) 762-2121
Attorney for Plaintiff

July 28, 2011
Charleston, South Carolina.

4

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

## VERIFICATION OF ACCOUNT

I hereby certify that on _July 19_, 2011 personally appeared before me _Michael C. Bolchoz_, who being duly sworn, deposes and says:

1.   That he/she is the _Principal_ of Bishop England High School and is competent to make this statement.

2.   That as of _July 19_, 2011, there is justly due and owing by George Hudson and Eun-Hee Hudson the sum of Sixteen Thousand Four Hundred Sixty-Seven and 00/100 ($16,467.00) Dollars.

3.   That Bishop England High School has not, directly or indirectly, received any part of the money or goods stated herein as due or received any security or satisfaction for which credit has not been given.

4.   That Bishop England High School keeps regular books. The entries in said books are made in the ordinary course of business. Said entries show that George Hudson and Eun-Hee Hudson are indebted to the Plaintiff in the manner and amount herein set forth.

Bishop England High School

By: _MCB____

Its: _PRINCIPAL___

SWORN TO BEFORE ME this _19__
day of _July_, 2011.

Notary Public for South Carolina
My Commission Expires: _3/16/2020_

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

**Bishop England High School**
**Student Registration**
**Academic Year 2009-2010**
(Please print all information in ink.)




| Please initial here if you do not want family information included in the student directory. |
| --- |
| _____ |

STUDENT INFORMATION:
Registering for grade 12        Please check, if a sibling presently attends Bishop England: _____

Student's Name: Hudson    Deborah    Chin    Deborah
                Last        First      Middle    (Name Preferred)
Male ___ Female ✓ SSN: _____        Date of Birth _____

Student's cell phone # 566 5876    Religion: Catholic    If Catholic, parish: Christ Our King

Ethnic Background: (Please circle) (White)  Black  Hispanic  (Asian)  American Indian  Multi-Racial

FAMILY INFORMATION:        Please circle main address for student: (Mother's)    Father's

Father's Name (or guardian) George Hudson        Mother's Name (or guardian) Eun hee Hudson
Address 1324 Center lake Drive        Address 1324 Center lake Drive
City Mt Pleasant  State SC  Zip 29464        City Mt Pleasant  State SC  Zip 29464
Home phone _____ / Work phone _____        Home phone _____ / Work phone _____
881-2065 / 189-7217        881-2065 / 209-1560
Cell phone _____ / Email _____        Cell phone _____ / Email _____
409-9493 / N/A        ___ N/A / eunhhud@bellsouth
409-9493

Student lives with: Both parents ✓  Mother ___  Father ___  other ___  (if other, please specify) _____
Check any that apply:  Father is deceased: _____  Mother is deceased: _____  Parents are separated: _____
                       Parents are divorced: _____  * Father has custody _____  *Mother has custody _____
                       * Joint custody _____  * Custody papers must be on file before registration is complete.

EMERGENCY INFORMATION:  Please provide information for two emergency contacts *other than parents*.

Catherine Abraham    neighbor
Name of contact    Relation to student    home phone    work phone    cell phone

Annie    Mom's friend
Name of contact    Relation to student    home phone    work phone    cell phone

LIABILITY INFORMATION: Please provide signatures of those who have permission to sign notes for this student *other than parents*:

Annie VoHays    Mom's friend
Signature    Relation to student    Signature    Relation to student

(Please complete the reverse side.)

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

## ACADEMIC INFORMATION:

School attended last year: _BEHS_

Please provide the following information ONLY if student attended a school other than BEHS last year
Address of school: _____
City, State and Zip: _____    School phone number: _____

## MEDICAL INFORMATION:

Student's physician: _Dr. Blalock_

Physician's telephone number: _____

Is the student taking any medication on a regular basis? _No_

Does the student have any health issues of which the school should be aware? _yes_

If you answered yes to either of the two previous questions, please specify. _____

_She is allergic to penacillin_

## FINANCIAL RESPONSIBILITY

Financial responsibility will be assumed by:

Name: _Eun-hee Hudson_
        Print Name                                                  Signature

Address: _1324 Center Lake Drive_  City _Charleston_  State _SC_  Zip _29401_

Home phone: _____    Work phone: _261-9500_

## CONDITIONS AND TERMS OF AGREEMENT

Bishop England High School is committed by our mission to provide the best possible spiritual and academic environment for your student. Additionally, our mission calls us to always act in what we feel **is in the best interest** of your son or daughter. Your signature(s) below indicate that you agree to abide by the rules and regulations of Bishop England High School, including tuition and financial policies. Additionally your signature(s) represents a commitment to support the school's efforts to be proactive in preventing the use of alcohol and other drugs by any student, either on or off campus.

Student's signature _Deborah Huber_   Date: _2/10/09_

Father's (or guardian) signature _____   Date: _2/6/09_

Mother's (or guardian) signature _Eun-Hee Hudson_  Date: _2/6/09_

**A non-refundable registration fee of $150 dollars must accompany this form and be returned by February 10, 2009.**
Initials of school official accepting form and registration fee: ____

_Paid_

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

**Bishop England High School**
**Student Registration**
**Academic Year 2009-2010**
(Please print all information in ink.)




Please initial here if you do not want family information included in the student directory.

STUDENT INFORMATION:
Registering for grade ___9___          Please check, if a sibling presently attends Bishop England: _____

Student's Name: _Hudson_____ _Sarah_____ _Shin_____ _Sarah_____
                    Last           First           Middle      (Name Preferred)
Male ___ Female _✓_ SSN: _____          Date of Birth _____

Student's cell phone # _4694993_  Religion: _Catholic_  If Catholic, parish: _Christ Our King_

Ethnic Background: (Please circle) (White)  Black  Hispanic  (Asian)  American Indian  (Multi-Racial)

FAMILY INFORMATION:          Please circle main address for student:  Mother's     Father's

Father's Name (or guardian) _George Hudson_     Mother's Name (or guardian) _Eun-Hee Hudson_
Address _1324 Center Lake Drive_     Address _Same as fathers_
City _Mt Pleasant_ State _SC_ Zip _29464_     City_____ State_____ Zip_____
Home phone                  Work phone          Home phone                  Work phone
_8438812065_ / _8437897217_                      _____ / _8432094560_
Cell phone          Email                        Cell phone          Email
_8434694493_ / _eunhhud@belsouth.net_ _8438497242_ / _N/A_

Student lives with: Both parents _✓_ Mother ___ Father ___ other ___ (if other, please specify)
Check any that apply: Father is deceased: _____ Mother is deceased: _____ Parents are separated: _____
                      Parents are divorced: _____ * Father has custody _____ *Mother has custody _____
                      * Joint custody _____          * Custody papers must be on file before registration is complete.

EMERGENCY INFORMATION:  Please provide information for two emergency contacts *other than parents*.
_Catherine Abrahms_  _Family Friend_  _843 906 6247_  _____  _____
Name of contact     Relation to student    home phone    work phone    cell phone
_Diane Reiley_       _Family Friend_       _843 849 1457_  _____  _____
Name of contact     Relation to student    home phone    work phone    cell phone

LIABILITY INFORMATION: Please provide signatures of those who have permission to sign notes for this student *other than parents*:

_____     _____          _____     _____
Signature           Relation to student       Signature           Relation to student

(Please complete the reverse side.)

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

**ACADEMIC INFORMATION:**

School attended last year: _Christ Our King_

Please provide the following information ONLY if student attended a school other than BEHS last year
Address of school: _1183 Russell Drive_
City, State and Zip: _Mt. Pleasant, SC  29464_    School phone number: _____

**MEDICAL INFORMATION:**

Student's physician: _Dr. Blalock_

Physician's telephone number: _____

Is the student taking any medication on a regular basis? _No_

Does the student have any health issues of which the school should be aware? _Sy_

If you answered yes to either of the two previous questions, please specify. _____
_Sinuses (for dust)_

**FINANCIAL RESPONSIBILITY**

Financial responsibility will be assumed by:

Name: _Eun-hee / George Hudson_            _George F. X Hudson_
      Print Name                                    Signature
Address: _1324 Center Lake Drive_   City _Mt. Pleasant_   State _SC_   Zip _29464_
Home phone: _881-2065_    Work phone: _843-7897217 / 8497242_

**CONDITIONS AND TERMS OF AGREEMENT**

Bishop England High School is committed by our mission to provide the best possible spiritual and academic environment for your student. Additionally, our mission calls us to always act in what we feel is in the best interest of your son or daughter. Your signature(s) below indicate that you agree to abide by the rules and regulations of Bishop England High School, including tuition and financial policies. Additionally your signature(s) represents a commitment to support the school's efforts to be proactive in preventing the use of alcohol and other drugs by any student, either on or off campus.

Student's signature _Sarah Hudson_                        Date: _3/19/09_

Father's (or guardian) signature _George F X Hudson_  Date: _3/19/09_

Mother's (or guardian) signature _____  Date: _3/19/09_

**A non-refundable registration fee of $150 dollars must accompany this form and be returned by March 20, 2009.**
Initials of school official accepting form and registration fee: _KBgd_
_#1347_
_6-9-09_



# MARTIN
## LAW FIRM
ATTORNEYS AND COUNSELORS AT LAW

JOHN F. MARTIN

CAROLINE BERNARD LEDLIE
(SC & LA)

MARSHA E. HASS
OF COUNSEL

113 WAPPOO CREEK DRIVE
CHARLESTON, SOUTH CAROLINA 29412
TEL: (843) 762-2121
FAX: (843) 762-2333

WWW.THEMARTINLAWFIRM.NET

JOHNMARTIN@THEMARTINLAWFIRM.NET
CLEDLIE@THEMARTINLAWFIRM.NET

July 28, 2011

Charleston County Clerk of Court
**ATTN: CIVIL DIVISION**
100 Broad Street, Suite 106
Charleston, SC 29401

     Re:    Bishop England High School vs. Hudson
             MLF: 1-4734(2)

Dear Sir/Madam:

     Enclosed for filing are the original and two copies of the Summons and Complaint in the above-referenced matter. Also enclosed is our firm check in the amount of $150.00 for filing fees. Please return the filed copies in the self-addressed, stamped envelope provided.

     Thank you for your assistance.

     Kind regards.

                        Sincerely,

                        Erika Colangelo
                        Legal Assistant

//eec
Enclosures

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

# Exhibit 6

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256
ELECTRONICALLY FILED - 2020 Feb 28 3:23 PM - BERKELEY - COMMON PLEAS - CASE#2019CP0801720
ELECTRONICALLY FILED - 2020 Oct 16 2:32 PM - BERKELEY - COMMON PLEAS - CASE#2019CP0801720

## AFFIDAVIT OF JOHN BARKER

The Deponent, John L. Barker, who being duly sworn upon oath, hereby testifies as follows:

1.  My name is John L. Barker. I am a resident of Charleston County, over the age of 21 and competent to testify to the following facts upon my own personal knowledge.

2.  I am Chief Financial Officer of the Roman Catholic Diocese of Charleston (the "Diocese"), and have been since 2006.

3.  The Diocese is headquartered in Charleston, South Carolina. As Chief Financial Officer, my responsibilities include, but are not limited to, being familiar with the Diocese's corporate structure, the nature of its economic activities, and its ownership and disposition of property. As Chief Financial Officer, I report to the Bishop of Charleston, who holds ecclesiastical authority over the Diocese.

4.  The Diocese is a religious entity; a diocese of the Roman Catholic Church headed by a bishop. The current bishop is Most Rev. Robert E. Guglielmone, who was appointed by His Holiness, Pope Benedict XVI in 2009.

5.  The Corporation Sole was created by Act of the General Assembly of South Carolina approved on December 13, 1880 (17 Stat. 321). The Corporation Sole, from its inception and through the current day was, and is, a charitable non-profit corporation. As provided under South Carolina law, and the Bylaws of Bishop of Charleston, a Corporation Sole, the civil law presence and business of the Roman Catholic Church in South Carolina is conducted by the Corporation Sole.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256
ELECTRONICALLY FILED - 2020 Feb 28 3:23 PM - BERKELEY - COMMON PLEAS - CASE#2019CP0801720
ELECTRONICALLY FILED - 2020 Oct 16 2:32 PM - BERKELEY - COMMON PLEAS - CASE#2019CP0801720

6.      Bishop England High School is a diocesan Catholic school that is owned, operated, and controlled by the Diocese of Charleston. Bishop England is an ecclesial function of the Diocese, as that term is defined in the Bylaws of the Corporation Sole.

7.      Unlike a Catholic parish, Bishop England does not have its own juridic personality within the Church. Juridic persons in the Church, are subjects in "Canon Law" (law of the Church) of obligations and rights which correspond to their nature. A Catholic diocese or parish automatically acquires juridic personality within the Catholic Church by prescript of the law itself. Other juridic persons are constituted by a special grant of the competent authority through a decree. Bishop England does not have juridic personality by Canon Law and has never been granted juridic personality through a decree and, therefore, does not exist as a separate juridic person apart from the Diocese. Therefore, its assets are entirely owned by the Diocese, and its civil law presence in the Corporation Sole.

8.      By that, I mean that Bishop England does not have any separate right to exist and its assets are entirely owned by the Diocese, and its civil law presence in the Corporation Sole.

9.      The published annual financial report of Bishop England as reviewed by its independent auditors discloses:

> "As an institution of the Catholic Church, it is the mission of the School to foster a faith community categorized by the Gospel message of mutual respect and charity. The School endeavors to promote the spriritual, intellectual, and physical growth of the individual through the combined efforts of parents/guardians and faculty by establishing the best possible environment for learning: a climate of safety, trust, respect for the individual, and an appreciation for the acquisition of learning.
>
> The School is not a separate legal entity, but an operating unit of the Diocese of Charleston. The Diocese holds title to all assets and is liable for all indebtedness of its operating entities, including the School . . . ."

10.     As above, Bishop England High School has no independent existence in either civil law or under Canon law. The school is a ministry of the Catholic Diocese of Charleston and is

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256
ELECTRONICALLY FILED - 2020 Feb 28 3:23 PM - BERKELEY - COMMON PLEAS - CASE#2019CP0801720
ELECTRONICALLY FILED - 2020 Oct 16 2:32 PM - BERKELEY - COMMON PLEAS - CASE#2019CP0801720

listed as such in the Official Catholic Directory. As such, Bishop England High School is part of, and a function of, the Diocese of Charleston and the civil law entity, Bishop of Charleston, a Corporation Sole.

11.     All assets of Bishop England, including its real property and other assets are titled in the name of Bishop of Charleston, a Corporation Sole. Because Bishop England has no separate juridic personality, it has no claim on any assets or accounts. If the school were to be closed and sold, Bishop England would have no claim on any proceeds. All proceeds from any such sale would go to the Diocese.

12.     Bishop England is permitted to have bank accounts bank accounts and a TIN as an administrative convenience only. Bishop England does not have title to the funds in any bank account and the Diocese places strict limits on the school's ability to pay expenses without permission from the Bishop. At any time, the Diocese could take control of Bishop England's bank accounts and use those funds as it sees fit.

FURTHER AFFIANT SAYETH NOT.

John L. Barker

Sworn to and subscribed before me this
the _28_ day of February, 2020.

Notary Public for South Carolina

My commission expires: _2/2/2027_

KELSEY SHOOTER
Notary Public-State of South Carolina
My Commission Expires
February 02, 2027

# Exhibit 7

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

| | |
|---|---|
| State of South Carolina ) | In the Court of Common Pleas |
| ) | |
| County of Charleston ) | |
| ) | |
| ) | |
| John Doe and Richard Roe, ) | 2018-CP-10-03929 |
| ) | 2018-CP-10-04206 |
| Plaintiff(s), ) | |
| ) | July 17, 2019 |
| versus ) | |
| ) | Berkeley, South Carolina |
| The Diocese of Charleston, ) | |
| a Corporation, and the ) | |
| Bishop of the Diocese of ) | |
| Charleston, in his ) | |
| official capacity, ) | |
| Defendants. ) | |

TRANSCRIPT OF RECORD

B E F O R E:

    The Honorable Bentley Price

A P P E A R A N C E S:

    Lawrence E. Richter, Jr., Esquire
    Jennifer S. Ivey, Esquire
    Attorneys for the Plaintiff(s)

    Larkin W. Hegler, Administrative Assistant to
                             Mr. Richter

    Richard S. Dukes, Jr., Esquire
    Attorney for the Defendant(s)

    Trey Limehouse, Law Clerk to Mr. Dukes

PROVIDED FOR: Lawrence E. Richter, Jr., Esquire

FOR COPIES CONTACT: Patricia A. Szoke, CVR
                       Official Court Reporter
                       Fifth Judicial Circuit, At-Large
                       pszoke@sccourts.org

  THIS TRANSCRIPT WAS PREPARED FOR LAWRENCE E. RICHTER,
               JR., ESQUIRE

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

5

1    discuss -- such as the confidentiality motion that Mr.

2    Dukes brought, as well as getting this -- the third

3    associated case assigned to you.  And I think -- I think

4    that was it.

5        MR. RICHTER:  That's it.

6        MS. IVEY:  Maybe some amendment of the pleadings,

7    depending on your rulings.

8        MR. DUKES:  And -- and I'm fine with that order.

9        THE COURT:  Okay.

10        MR. DUKES:  That works for me.

11        THE COURT:  All righty.  We'll start with the motion

12    for partial summary judgement.

13        MR. DUKES:  Your Honor, we filed a motion for partial

14    summary -- summary judgement on the party named in the

15    complaint as the Bishop of -- of the Diocese of Charleston,

16    in his official capacity.  And we have taken the position

17    that that is not a party who is amenable to suit in civil

18    courts.  Before the hearing we -- we filed in support --

19    well, I apologize, Your -- Your Honor.  One thing I did

20    want to -- that can wait for later.  Never mind.

21        We filed with the Court the bylaws of the Bishop of

22    Charleston, a Corporation Sole.  And I've got a hardcopy

23    here to hand up to y'all if you'd like.  Well, let me --

24        MR. RICHTER:  Thank you.

25        MR. DUKES:  And I've got two (2) copies for y'all.

        THIS TRANSCRIPT WAS PREPARED FOR LAWRENCE E. RICHTER,
                    JR., ESQUIRE

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

6

1       MR. RICHTER:  All right.

2       THE COURT:  Thank you.

3       MR. DUKES:  The bylaws of the -- of the Corporation

4   Sole -- and the Corporation Sole was a creature of statute

5   passed by the Legislature in 1880 -- resulting from some

6   questions about how the Catholic Church would hold property

7   in the state.  And so the Legislature passed the

8   Corporation -- the -- the statute establishing the

9   Corporation Sole.  The reason it is called the Corporation

10  Sole is it's a corporate entity that is embodied in the

11  person of the Bishop of Charleston.

12      The Bishop has testified and I'll -- I'll hand up the

13  Bishop's testimony in a moment regarding the corporate

14  structure that -- the Bishop said, (as stated), "I am the

15  Corporation Sole."  And in looking at the bylaws they

16  explained the -- the relationship between the Corporation

17  Sole and civil law.  The Bishop of Charleston is an

18  ecclesiastical office, it has no presence in civil law.  It

19  is strictly a creation of canon law, or of church law, and

20  has no civil law presence.  The bylaws say the Bishop --

21  and I point you to Section 1.4(A) on page three (3), (as

22  read), "The Bishop of Charleston is not a civil law title.

23  And not withstanding the fact that the Corporation Sole is

24  also the Bishop of Charleston when used as these -- in

25  these bylaws, such term," being the Corporation Sole,

THIS TRANSCRIPT WAS PREPARED FOR LAWRENCE E. RICHTER,
JR., ESQUIRE

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

12

1    themselves, free from state interference, matters of church

2    government as well as those of faith and doctrine."  And he

3    says that, (as read), "The Supreme Court explained that the

4    First Amendment permits a hierarchical religious

5    organization to establish it's own rules and regulations

6    for internal discipline, and government, and to create

7    tribunals for adjudicating those matters.  When

8    ecclesiastical tribunals decide such disputes the

9    Constitution requires that civil courts accept their

10   decisions as binding upon them."

[MR. DUKES]

11           So Your Honor, with respect to the -- the Corporation

12   Sole, the Bishop who issued the bylaws and has testified

13   that the Corporation Sole is how the Diocese interacts with

14   the civil law world.  It's how it does business, it's -- it

15   is the civil law existence of the Catholic Diocese of

16   Charleston.  The Bishop of Charleston, in his official

17   capacity, has no civil law presence.  It's an

18   ecclesiastical office that is governed by church law, but

19   it can't -- it has no capacity to be sued or hailed into

20   Court -- into a civil court.  And because the Bishop has

21   now testified and -- and has said that the Corporation Sole

22   is it, this Court is bound to respect that and to accept it

23   as -- I hesitate to say gospel, but that's what the Supreme

24   Court tells us.

25           THE COURT:  All righty.  Yes, sir.  Mr. Richter?

          THIS TRANSCRIPT WAS PREPARED FOR LAWRENCE E. RICHTER,
                    JR., ESQUIRE

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

49

1    MS. IVEY:  Okay.  In any event, we got a response back

2    in relation to these depos that we can't do what we want to

3    do because he's a party.  I think it was because we

4    *subpoenaed* him and you said we needed to notice him --

5    MR. RICHTER:  Yeah.  Yeah, that's right.

6    MS. IVEY:  -- because he's a party.

7    MR. DUKES:  No, what --

8    MS. IVEY:  So here we go again and it's just a game.

9    And so it's whatever suits them in that moment.  It suits

10   them to be able to sue in that name, in that exact name

11   without naming Guiglielmone or whatever the particular

12   Bishop is, but now it doesn't suit them to be sued in that

13   name.  But -- but we can move on.

14   So the Bishop --

15   THE COURT:  Well, I don't want to.  I want to keep

16   going down this road because this is the -- the gravamen of

17   what I'm trying to figure out is are we just moving cups

18   around, or is there some issue that I need to rule on that

19   is dispositive of something that can then give him the

20   opportunity -- Mr. Dukes the opportunity to go to his

21   client and say, (as stated), "This has been ruled upon.  We

22   need to answer these things.  What are the answers?"

23   MS. IVEY:  Right.  Well, still --

24   THE COURT:  That's all I'm trying to figure out.  So

25   what would you like to tell me, Mr. Dukes, as to the last -

THIS TRANSCRIPT WAS PREPARED FOR LAWRENCE E. RICHTER,
JR., ESQUIRE

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

179

STATE OF SOUTH CAROLINA )
                        )           CERTIFICATE
COUNTY   OF   RICHLAND   )


    Be it known that I, the undersigned Patricia A. Szoke,
Official Court Reporter for the Fifth Judicial Circuit of
the State of South Carolina, do hereby certify that the
foregoing transcript represents a true, accurate and
complete transcript of record of all the proceedings had
and evidence introduced in the trial of the captioned case,
relative to appeal, before the Court of Common Pleas Non-
Jury for Berkeley County, South Carolina, so given on July
17, 2019, to the best of my skill and ability;


    That I am not related to nor an employee of any of the
parties hereto, nor a relative or employee of any attorney
or counsel employed by the parties hereto, nor interested
in the outcome of this action.


    IN WITNESS WHEREOF I have here unto set my hand this
22nd day of August, 2019.


                        *Patricia A. Szoke*
                        Patricia A. Szoke, CVR
                        Official Court Reporter
                        Notary Public for South Carolina
                        My commission expires 8/17/2020.


          THIS TRANSCRIPT WAS PREPARED FOR LAWRENCE E. RICHTER,
                         JR., ESQUIRE

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO.: 2018-CP-10-04206

Richard Roe,

                    Plaintiff,

          v.

The Diocese of Charleston, a Corporation
Sole, and the Bishop of the Diocese of
Charleston, in his official capacity,

                Defendants.

**MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO "THE BISHOP OF
THE DIOCESE OF CHARLESTON, IN
HIS OFFICIAL CAPACITY"**

Defendant Bishop of Charleston, a Corporation Sole (incorrectly identified in the Complaint as "the Diocese of Charleston, a Corporation Sole" hereby moves pursuant to Rule 56 for an order dismissing "the Bishop of the Diocese of Charleston, in his official capacity." As grounds, Defendants state as follows:

    1.    **The defendant styled "Bishop of the Diocese of Charleston, in his official capacity" is not a real party in interest, and is not a proper defendant.**

    Plaintiff's Complaint contends that "The Bishop of the Diocese of Charleston . . . is sued in his official capacity. The Bishop is ultimately responsible for the priests and other employed by the Diocese. Bishop is the successor in interest to his predecessors in his official position."

Unlike a government agency, which by law must be sued in the name of the agency head, the law does not require the Roman Catholic Diocese of Charleston, or the Corporation Sole, to be sued in the name of its titular head. No statute or Rule mandates that the individual holding the office of Bishop of Charleston, be sued in his official capacity.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

Importantly, Plaintiff has not identified *what person* he contends may be liable to him, or why. He has brought suit against an unnamed officeholder – not a person who may have done or not done something. Plaintiff has not sued a party at all – there is no basis for holding an official title or position responsible for any action by any individual. The office of the Bishop of Charleston is not a real party in interest and must be dismissed from the case. *See also* Rule 8(a), SCRCP (setting forth that a Plaintiff's pleading must "contain a short and plain statement of the facts showing that the pleader is entitled to relief").

2.      The amorphous "Bishop of the Diocese of Charleston, in his official capacity" does not have the capacity to be sued.

"The capacity of a party to sue or be sued shall be determined by the law of this State." Rule 17, SCRCP. Plaintiff has not actually sued an identifiable person who may be liable to him – and he has not named as a defendant any person with the capacity sue or be sued. Rather, plaintiff has named an office or an ecclesiastical position. The office itself does not have capacity to be sued as provided under Rule 17, SCRCP.   The acts described in the Complaint occurred decades ago during the administration of Bishop Ernest Unterkoefler, who died in 1991.  Bishop Unterkoefler cannot be sued, in his official capacity or otherwise, at this point.  There is no genuine issue of material fact that "the Bishop of the Diocese of Charleston, in his official capacity" has no capacity to be sued under Rule 17 and should be dismissed from the action.

3.      The Corporation Sole is the only proper party, and the only party with the capacity to be sued.

In 1880, the South Carolina General Assembly passed Act 264 to establish "Bishop of Charleston, a Corporation Sole" as the corporate entity of the Roman Catholic Church in South Carolina. The statute authorized the Corporation Sole to transact business, hold and dispose of real and personal property, and, importantly, "to sue and be sued, plead and be impleaded, answer and be answered unto, in

any Court in this State."[3] The presence of an unnamed and unidentifiable "Bishop of the Diocese of Charleston, in his official capacity" is unnecessary to the resolution of Plaintiff's claims.

The Corporation sole is not like a government agency where, by statute, the head of the agency must be named as the defendant in his or her official capacity. Rather, the Corporation Sole is, by statute, a body corporate that can sue and be sued just as any corporation, LLC, or nonprofit corporation can. It is not necessary in most circumstances to sue the officers, directors or board members of a corporate entity in their "official capacity," and it is not necessary here.

TURNER, PADGET, GRAHAM & LANEY, P.A.

Richard S. Dukes, Jr., (SC Bar No.: 16563)
40 Calhoun Street, Suite 200 (29401)
Post Office Box 22129
Charleston, South Carolina 29413-2129
Telephone: 843-576-2810
Facsimile: 843-577-1646
Email: rdukes@turnerpadget.com

ATTORNEYS FOR DEFENDANTS

March 29, 2019

---

[3] Act 264, December 13, 1880 (17 Stat. 321).

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

ELECTRONICALLY FILED - 2021 Feb 08 4:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CIVIL ACTION NO  04-CP-10-3654 |
| ) | |
| JOHN DOE and JANE DOE, ) | |
| ) | |
| Plaintiff, ) | ANSWER |
| ) | (JURY TRIAL DEMANDED) |
| vs ) | |
| ) | |
| ) | |
| THE DIOCESE OF CHARLESTON, AND ) | |
| THE BISHOP OF THE DIOCESE OF ) | |
| CHARLESTON, IN HIS OFFICIAL ) | |
| CAPACITY. ) | |
| _____ ) | |

TO      THE PLAINTIFF ABOVE NAMED AND HIS ATTORNEY, GREGG MEYERS

The Defendant, the Diocese of Charleston, and the Bishop of the Diocese of Charleston, in his official capacity, hereinafter referred to as "Defendant," answering the Complaint of the Plaintiff, alleges as follows

1       The Defendant, denies each and every allegation of the Complaint not hereinafter specifically admitted, modified, or explained

2       Upon information and belief, the Defendant admits the allegations contained in Paragraph 1

3       The Defendant admits so much of Paragraph 2 in that the Defendant is a corporation organized under the laws of the State of South Carolina with its principal place of business located in Charleston, South Carolina   The Defendant admits that the Bishop of Charleston, a Corporation Sole, is the corporate entity which holds certain assets, including parochial schools in Charleston County offering primary, elementary, and secondary education

1

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

Respectfully submitted,

A. Peter Shahid, Jr.
Attorney at Law
Shahid Law Office, L.L.C.
47 State Street
Charleston, SC 29401
(843) 853-4500

ATTORNEY FOR THE DEFENDANT,
THE BISHOP OF CHARLESTON, A
CORPORATION SOLE

Dated  November  25, 2004

Charleston, South Carolina

6

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
                        ) FOR THE NINTH JUDICIAL CIRCUIT
COUNTY OF CHARLESTON    ) CASE NO. 09-CP-10-6694

John Doe,               )
                        )
        Plaintiff,      )
                        )
        v.              ) Negligence; Recklessness
                        ) Intentional Tort
The Bishop of Charleston, a ) Fraudulent Concealment
Corporation Sole, and   ) Unfair and Deceptive Trade Practices
The Bishop Of The Diocese of )
Charleston, in his official Capacity, ) Jury Trial Requested
                        )
        Defendants.     )
_____)

## Second Amended Complaint

For his complaint, the plaintiff alleges:

### Parties and Jurisdiction

1.  Plaintiff is a citizen and resident of South Carolina.  Presently an adult, as a child

he was sexually molested as children by a priest of the Diocese of Charleston, Fr. James

W. McCarthy, when Jams McCarthy was assigned to Saint William in Ward, S.C. during

the approximate time period of 1965 to his departure in 1971.

2.  A pseudonym is used for the plaintiff due to the sexual abuse injury which is the

subject of this complaint.  The defendants will be informed of the identities of the

plaintiff.

3.  James W. McCarthy was assigned by the defendants to Saint William in Ward,

S.C. during the approximate time period of 1965 to his departure in 1971.  During his

time at St. William, defendants knew, or should have known, that James McCarthy was

sexually abusive to children, as others were victimized prior to the plaintiff.

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

102.    The plaintiff suffered an ascertainable loss of money as a result of the use or employment by the Diocese of the unfair or deceptive methods in articulating one standard that the Diocese claimed applied to abuse victims prior to 1980, but then ~~for the state court but then~~ refusing to comply with that standard ~~when~~

103.    The plaintiff is entitled to treble damages as a result of the conduct of the Diocese, as well as actual and punitive damages, and such other and further relief as the court deems just and proper.

### Demand for Jury Trial

104.    Plaintiffs demand a trial by jury.

### Relief Sought

Wherefore, Plaintiff seeks relief in the form of:

105.    Actual and punitive damages to be awarded to the plaintiffs by the finder of fact against the various defendants, trebled as authorized by law,

106.    Costs and disbursements of this action,

107.    Attorneys fees as authorized by law, and

108.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Gregg Meyers
PO Box 1297
**Charleston SC 29402**
**843-720-8714**
attygm@gmail.com

**Attorney for Plaintiff**

27

STATE OF SOUTH CAROLINA          )
                                 )
COUNTY OF CHARLESTON             )
                                 )
John Doe,                        )
                                 )
                  Plaintiffs,    )
                                 )
vs.                              )
                                 )
The Bishop of Charleston, A Corporation )
Sole; The Bishop of Charleston, in his  )
official capacity;               )
                                 )
                  Defendants.    )
_____)

IN THE COURT OF COMMON PLEAS
FOR THE NINTH JUDICIAL CIRCUIT
Case No.: 2009-CP-10-6694

**ANSWER OF THE DIOCESAN
DEFENDANTS TO THE
SECOND AMENDED COMPLAINT
JURY TRIAL DEMANDED**

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

The Defendants, The Bishop of Charleston, A Corporation Sole, and  The Bishop of

Charleston, in his official capacity, (hereinafter collectively referred to as "Diocesan Defendants"

or "Defendants") answer the Amended Complaint and state as follows:

    1.      The Defendants admit so much of Paragraph 1 in that James W. McCarthy was

assigned to Saint William Church in Ward, South Carolina, a parish of the Diocese of

Charleston, between 1965 -1971.  The Diocesan Defendants lack sufficient information to admit

or deny the remaining allegations contained in Paragraph 1.

    2.      The Diocesan Defendants admit so much of Paragraph 2 that a pseudonym is

being used by the Plaintiff and his identity has been made known to the Defendants.

    3.      The Diocesan Defendants admit only so much of Paragraph 3 in that James W.

McCarthy was assigned to Saint William Church in Ward, South Carolina, between 1965 and

1971.  The Diocesan Defendants deny the remaining allegations contained in Paragraph 3.

    4.      The Defendants admit so much of Paragraph 4 in that the Bishop of Charleston, a

Corporation Sole is a corporation organized under the laws of the State of South Carolina, and it

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

fees and costs related to this action, and for such other and further relief as the Court may deem just and proper.

A. Peter Shahid, Jr.
SHAHID LAW OFFICE, LLC
89 Broad Street
Charleston, SC 29401
Phone 843/853-4500
*Attorney for The Bishop of Charleston, a Corporation Sole and The Bishop of the Diocese of Charleston, in His Official Capacity*

Charleston, SC

May 13, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via U.S. Mail this _13th_ day of May 2014 to:

**Attorney for Plaintiff**
Gregg Meyers, Esquire
Jeff Anderson & Associates, PA
366 Jackson St., Suite 100
St. Paul, MN 55101

Shahid Law Office, LLC

By: Katherine Gallagher
Katherine Gallagher

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) NINTH JUDICIAL CIRCUIT
COUNTY OF CHARLESTON )

John Doe,

v.

Plaintiff,

Civil Action No.: 2009-CP-10-6694

The Bishop of Charleston, a Corporation
Sole, and The Bishop of The Diocese of
Charleston, in his official Capacity,

Defendants.

2011 JUN 26 PM 3:30
JULIE J. ARMSTRONG
CLERK OF COURT
FILED

Jane Doe 1,

v.

Plaintiff,

Civil Action No.: 2009-CP-10-8054

The Bishop of Charleston, a Corporation
Sole, and The Bishop of The Diocese of
Charleston, in his official Capacity,

Defendants.

Jane Doe 2,

v.

Plaintiff,

Civil Action No.: 2009-CP-10-8055

The Bishop of Charleston, a Corporation
Sole, and The Bishop of The Diocese of
Charleston, in his official Capacity,

Defendants.

TPGL 7672259v1

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

Jane Doe 3,

　　　　　　　v.

　　　　　　　Plaintiff,

The Bishop of Charleston, a Corporation Sole, and The Bishop of The Diocese of Charleston, in his official Capacity,

　　　　　　　Defendants.

Civil Action No.: 2009-CP-10-8056

---

John Doe 2 and Jane Doe 4,

　　　　　　　v.

　　　　　　　Plaintiff,

The Bishop of Charleston, a Corporation Sole, Robert Gugliemone, The Bishop of Charleston, in his official Capacity, Rev. Monsignor Martin Laughlin, former Administrator of the Diocese of Charleston, in his Official capacity; Robert J. Baker, former Bishop of Charleston, in his official capacity; Lawrence E. Richter, Jr., David K. Haller, and Richter and Haller, LLC,

　　　　　　　Defendants.

Civil Action No.: 2010-CP-10-5520

---

Jane Doe 11,

　　　　　　　v.

　　　　　　　Plaintiff,

The Bishop of Charleston, a Corporation Sole, Robert Gugliemone, The Bishop of Charleston, in his official Capacity, Rev. Monsignor Martin Laughlin, former Administrator of the Diocese of Charleston, in his Official capacity; Robert J. Baker, former Bishop of Charleston, in his official capacity; Lawrence E. Richter, Jr., David K. Haller, and Richter and Haller, LLC,

　　　　　　　Defendants.

Civil Action No.: 2012-CP-10-5559

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

John Doe 193,

             v.

        Plaintiff,

The Bishop of Charleston, a Corporation
Sole, Robert Gugliemone, The Bishop of
Charleston, in his official Capacity, Rev.
Monsignor Martin Laughlin, former
Administrator of the Diocese of Charleston,
in his Official capacity; Robert J. Baker,
former Bishop of Charleston, in his official
capacity; Lawrence E. Richter, Jr., David K.
Haller, and Richter and Haller, LLC,

        Defendants.

Civil Action No.:  2013-CP-10-3733

---

John Doe 230,

             v.

        Plaintiff,

The Bishop of Charleston, a Corporation
Sole, and The Bishop of The Diocese of
Charleston, in his official Capacity,

        Defendants.

Civil Action No.:  2014-CP-10-2130

---

John Doe 297,

             v.

        Plaintiff,

The Bishop of Charleston, a Corporation
Sole, Robert Gugliemone, The Bishop of
Charleston, in his official Capacity, Rev.
Monsignor Martin Laughlin, former
Administrator of the Diocese of Charleston,
in his Official capacity; Robert J. Baker,
former Bishop of Charleston, in his official
capacity; Lawrence E. Richter, Jr., David K.
Haller, and Richter and Haller, LLC,

        Defendants.

Civil Action No.:  2016-CP-10-1632

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

**DIOCESE DEFENDANTS' OMNIBUS MOTION
FOR SUMMARY JUDGMENT ON LACK OF NOTICE OF ANY DANGEROUS
PROCLIVITY OF ACCUSED PRIESTS AND LACK ADMISSIBLE EVIDENCE TO
SUPPORT ANY CLAIM OF NEGLIGENCE, NEGLIGENT SUPERVISION, OR
FRAUDULENT CONCEALMENT**

Defendants, Bishop of Charleston a Corporation Sole, Robert Guglielmone, the Bishop of Charleston, in his official capacity, Rev. Monsignor Martin Laughlin, former Administrator of the Diocese of Charleston, in his Official Capacity, and Robert J. Baker, former Bishop of Charleston, in his Official Capacity, ("the Diocese Defendants") move for judgment as a matter of law on all claims made by Plaintiffs pursuant to Rules 56, SCRCP. Plaintiffs can come forward with no admissible evidence that the Diocese Defendants ever had any notice that Fr. Jim McCarthy, Fr. Michael Kaney, or Fr. Martin Bangert _ever_ engaged in any inappropriate conduct with minors and, on that basis, the Diocese Defendants cannot be liable for the alleged intentional torts of these priests. Furthermore, the Diocese Defendants are entitled to judgment as a matter of law regarding all claims of negligence, fraudulent concealment, negligent misrepresentation, or negligent supervision because the Diocese Defendants never had any knowledge of or information indicating that these priests might pose any danger to children. As such, Plaintiffs' claims must be dismissed in their entirety.

1. **Plaintiffs cannot establish that the Diocese ever had notice that Fr. James McCarthy, Fr. Michael Kaney, or Fr. Martin Bangert posed any danger to children.**

There is no admissible evidence that the Diocese Defendants knew of any "dangerousness" of the priests accused of sexually abusing minors, nor have these Plaintiffs produced even a scintilla of evidence that the Diocese Defendants concealed _these_ priests' prior inappropriate sexual behavior with minors, because there is no such evidence. _See Doe v. Bishop of Charleston_ 754 S.E.2d 494, 500-1 (S.C. 2014). The Plaintiffs cannot prove that the Diocese Defendants knew or should have known that any of these priests posed a danger to children or that the Diocese failed to warn anyone about these particular priests.

4

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

Summary judgment affirmed) *citing Moore v. Berkeley Co. Sch. Dist.*, 486 S.E.2d 9, 11 (S.C. Ct. App. 1997) *and Degenhart, supra.*  As the Supreme Court recognized in *Doe v. Bishop of Charleston*, "the employer's knowledge of an employee's dangerousness is an element of the tort of negligent supervision." *Doe*, 754 S.E.2d 494, 501 (S.C. 2014).  Clearly, without any indicia of inappropriate conduct with another minor, the Diocese Defendants cannot be liable to these Plaintiffs for negligent supervision of Fr. McCarthy, Father Kaney, and Father Bangert.

## CONCLUSION

Because the Diocese Defendants owed these plaintiffs no duty of care with respect to Fr. Jim McCarthy, Fr. Michael Kaney, or Father Martin Bangert, plaintiffs' causes of action for negligence, recklessness, and intentional conduct must be dismissed.  Plaintiff cannot establish that the Diocese Defendants possessed any knowledge of any specific threat posed by *these* priests to these particular plaintiffs prior to their alleged sexual abuse.  Thus, the Diocese Defendants simply owed these plaintiffs no duty of care and they cannot be liable to the plaintiffs in negligence.

Additionally, because the Diocese Defendants had no information regarding any dangerous tendency of Fr. McCarthy, Fr. Kaney, or Fr. Bangert, the Diocese had no duty to control the priests activities more closely or to supervise them more thoroughly.  Failing that legal duty, the Diocese Defendants cannot be held liable for negligent supervision.

For the foregoing reasons, Plaintiffs' separate claims sounding in neglıgigence must be dismissed with prejudice.

TURNER, PADGET, GRAHAM & LANEY, P.A.

Richard S. Dukes, Jr.
Brian J. Kern
40 Calhoun Street, Suite 200
Post Office Box 22129
Charleston, South Carolina 29413-2129

11

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

Telephone:  843-576-2810
            843-576-2802
Facsimile:  843-577-1646 (direct fax)
            843-577-1644 (direct fax)
Email:      rdukes@turnerpadget.com
            bkern@turnerpadget.com

SHAHID LAW OFFICE

A. Peter Shahid, Jr.
89 Broad Street
Charleston, SC  29401
Telephone: 843-853-4500
Facsimile: 843-722-1119
Email:  shahidlo@bellsouth.net

Attorneys For The Bishop Of Charleston, A
Corporation Sole, Robert Guglielmone, The Bishop
Of Charleston, In His Official Capacity, Rev.
Monsignor Martin Laughlin, Former Administrator
Of The Diocese Of Charleston, In His Official
Capacity; Robert J. Baker, Former Bishop Of
Charleston, In His Official Capacity

June 26, 2017

STATE OF SOUTH CAROLINA          )    IN THE COURT OF COMMONS PLEAS
                                 )     FOR THE NINTH JUDICIAL CIRCUIT
COUNTY OF CHARLESTON             )    C.A. No. 2014-CP-09-1283
                                 )
THE BISHOP OF CHARLESTON, A.     )
CORPORATION SOLE, AND THE        )
BISHOP OF THE DIOCESE OF         )
CHARLESTON, IN HIS OFFICIAL      )
CAPACITY                         )
                                 )
                    Plaintiff    )          COMPLAINT
                                 )    (JURY TRIAL DEMANDED)
vs.                              )    (DECLARATORY JUDGMENT)
                                 )    (INSURANCE BAD FAITH)
INSURANCE COMPANY OF NORTH       )
AMERICA; ACE AMERICAN            )
INSURANCE COMPANY; ACE FIRE      )
UNDERWRITERS INSURANCE           )
COMPANY; ACE PROPERTY AND        )
CASUALTY INSURANCE COMPANY       )
AND/OR ANY OTHER RELEVANT        )
ACE-USA AFFILIATED INSURANCE     )
COMPANIES,                       )
                                 )
                    Defendants.  )

Plaintiffs, complaining of defendants alleges as follows:

1.    Plaintiff THE BISHOP OF CHARLESTON, A CORPORATION SOLE is a non-profit corporation organized and existing under the laws of the State of South Carolina licensed to do business as a religious order.

2.    Plaintiff THE BISHOP OF THE DIOCESE OF CHARLESTON IN HIS OFFICIAL CAPACITY is an individual and resident of Charleston County South Carolina, and is the Bishop of the Roman Catholic Church in Charleston South Carolina.

1

ELECTRONICALLY FILED - 2021 Feb 03 5:19 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

20.    Plaintiffs are entitled to damages against the Defendants in an amount of actual, consequential and punitive damages in an amount to be determined by this Court.

WHEREFORE Plaintiffs pray for judgment against the defendants in an amount of actual, consequential and punitive damages together with pre-judgment interest and attorney's fees in an amount to be determined by this Court.

A. Peter Shahid, Jr. Esq.
Attorney at Law
Shahid Law Office, LLC
89 Broad Street
Charleston, SC 29401
(843) 853-4500

George J. Kefalos, Esq.
Oana D. Johnson, Esq.
George J. Kefalos, PA
46-A State Street
Charleston SC 29401
843-722-6612

ATTORNEY FOR THE PLAINTIFFS

Dated: February __, 2014
Charleston, South Carolina

4



**THIS AGREEMENT IS SUBJECT TO ARBITRATION PURSUANT TO SECTION 15-48-10, CODE OF LAWS OF SOUTH CAROLINA (1976).**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIRST JUDICIAL CIRCUIT |
| COUNTY OF DORCHESTER ) | CASE No. 06-CP-18-1310 |
| | CASE No. 06-CP-18-1311 |
| | CASE No. 06-CP-18-1636 |

John Doe #53, John Doe 66, John Doe 66A, )
John Doe 67, Jane Doe 1 and Jane Doe 2 )
and Rachel Roe individually and )
as representatives of classes of people )
similarly situated, )
             )
        Plaintiffs, )
             )
vs. )        **SETTLEMENT AND ARBITRATION**
             )            **AGREEMENT**
The Bishop of Charleston, a Corporation )
Sole, and The Bishop of the Diocese of )
Charleston, in his official capacity, )
             )
        Defendants. )

This Settlement and Arbitration Agreement (hereinafter "the Agreement") is made this *12* day of January, 2007, by and between the John Doe #53, John Doe 66, John Doe 66A, John Doe 67, individually and as representatives of a class of other persons similarly situated as victims of sex abuse allegedly committed by agents or employees of the defendants in this action, and/or Jane Doe 1, Jane Doe 2, and Rachel Roe, individually and as representatives of parents or spouses who have suffered a loss of consortium as a result of sexual abuse upon John Doe #53, John Doe 66, John Doe 66A, and John 67 or members of their class, and The Bishop of Charleston, A Corporation Sole, and The Bishop of the Diocese of Charleston in his official capacity (hereinafter "the Diocese"). This Agreement may be signed in counterparts. This Agreement represents the formal "Settlement and

1





claims have not been assigned, encumbered, or transferred. Where applicable herein, the masculine gender shall include the feminine gender and the feminine gender shall include the masculine gender.

Executed this *12* day of ___January___, 2007.

FOR THE CLASSES:                          FOR THE DEFENDANTS:

_____                   _____
Lawrence E. Richter, Jr.                  The Most Rev. Robert J. Baker
CLASS COUNSEL                             THE BISHOP OF CHARLESTON, IN HIS
                                          OFFICIAL CAPACITY AND FOR THE
                                          BISHOP    OF    CHARLESTON,    A
                                          CORPORATION SOLE

_____                   _____
Witness                                   Witness

17

ELECTRONICALLY FILED - 2021 Feb 08 3:16 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

## AFFIDAVIT OF SERVICE

State of South Carolina                    County of Berkeley                    Common Pleas Court

Case Number: 2021-CP-08-00256

Plaintiff:
**Tuition Payer 100, Viewed Student Female 200, Viewed Student Male 300, on behalf of themselves and all others similarly situated**

vs.

Defendant:
**The Bishop of Charleston, a corporation sole, Bishop England High School, et al.**

For:
The Richter Firm, LLC
622 Johnnie Dodds Blvd.
Mount Pleasant, SC 29464

Received by FALCON EXPRESS SERVICES, LLC to be served on **Robert Guglielmone, 901 Orange Grove Road, Charleston, SC 29407.**

I, Margaret B. Buchanan, being duly sworn, depose and say that on the **4th day of February, 2021 at 10:17 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS, CONSOLIDATED CLASS ACTION COMPLAINT, and EXHIBITS 1-7** to: **Robert Guglielmone** at the address of: **901 Orange Grove Road, Charleston, SC 29407**, in compliance with state statutes.

**Marital Status:** Based upon inquiry of party served, Defendant is not married.

**Description** of Person Served: Age: 75, Sex: M, Race/Skin Color: White, Height: 5'6", Weight: 240, Hair: Balding, Glasses: Y

Is the place of service the dwelling / usual place of abode for the party served? (  ) Yes  ( ✗ ) No  (  ) Unknown

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.



Subscribed and Sworn to before me on the __4th__ day
of __February__, __'21__ by the affiant who is
personally known to me.

_Stanley Low III_
NOTARY PUBLIC
My Commission Expires: __4/29/29__

_Margaret B. Buchanan_
**Margaret B. Buchanan**
Process Server

**FALCON EXPRESS SERVICES, LLC**
P.O. Box 874
Charleston, SC 29402-0874
**(843) 577-9696**

Our Job Serial Number: FES-2021000404

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

ELECTRONICALLY FILED - 2021 Feb 08 3:17 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

## AFFIDAVIT OF SERVICE

State of South Carolina               County of Berkeley               Common Pleas Court

Case Number: 2021-CP-08-00256

Plaintiff:
**Tuition Payer 100, Viewed Student Female 200, Viewed Student Male 300, on behalf of themselves and all others similarly situated**

vs.

Defendant:
**The Bishop of Charleston, a corporation sole, Bishop England High School, et al.**

For:
The Richter Firm, LLC
622 Johnnie Dodds Blvd.
Mount Pleasant, SC 29464

Received by FALCON EXPRESS SERVICES, LLC to be served on **The Bishop of Charleston a Corporation Sole, 901 Orange Grove Road, Charleston, SC 29407**.

I, Margaret B. Buchanan, being duly sworn, depose and say that on the **4th day of February, 2021 at 10:06 am**, I:

served this **CORPORATION** by delivering a true copy of the **SUMMONS, CONSOLIDATED CLASS ACTION COMPLAINT, and EXHIBITS 1-7** , to: **Joan Smith as Executive Assistant** for The Bishop of Charleston, at the address of: **901 Orange Grove Road, Charleston, SC 29407**, in compliance with state statutes.

**Description** of Person Served: Age: 60, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 150, Hair: Blonde, Glasses: Y

Is the place of service the dwelling / usual place of abode for the party served? ( ) Yes ( ✓ ) No ( ) Unknown

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.



Subscribed and Sworn to before me on the 4ᵗʰ day
of _February_, _21_ by the affiant who is
personally known to me.

_Stanley Low III_
NOTARY PUBLIC
My Commission Expires: _4/29/29_

_[signature]_
**Margaret B. Buchanan**
Process Server

**FALCON EXPRESS SERVICES, LLC**
P.O. Box 874
Charleston, SC 29402-0874
**(843) 577-9696**

Our Job Serial Number: FES-2021000401

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

## AFFIDAVIT OF SERVICE

State of South Carolina                  County of Berkeley                  Common Pleas Court

Case Number: 2021-CP-08-00256

Plaintiff:
**Tuition Payer 100, Viewed Student Female 200, Viewed Student Male 300, on behalf of themselves and all others similarly situated**

vs.

Defendant:
**The Bishop of Charleston, a corporation sole, Bishop England High School, et al.**

For:
The Richter Firm, LLC
622 Johnnie Dodds Blvd.
Mount Pleasant, SC 29464

Received by FALCON EXPRESS SERVICES, LLC to be served on **Bishop England High School, 901 Orange Grove Road, Charleston, SC 29407.**

I, Margaret B. Buchanan, being duly sworn, depose and say that on the **4th day of February, 2021** at **10:06 am,** I:

served this **CORPORATION** by delivering a true copy of the **SUMMONS, CONSOLIDATED CLASS ACTION COMPLAINT, and EXHIBITS 1-7** , to: **Joan Smith** as Executive Assistant for Bishop England High School, at the address of: **901 Orange Grove Road, Charleston, SC 29407.** in compliance with state statutes.

**Description** of Person Served: Age: 60, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 150, Hair: Blonde, Glasses: Y

Is the place of service the dwelling / usual place of abode for the party served? ( ) Yes ( ) No ( ) Unknown

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the ___4th___ day
of ___February___, ___'21___ by the affiant who is
personally known to me.

_Stanley Low III_
NOTARY PUBLIC
My Commission Expires: ___4/29/29___

_Margaret B. Buchanan_
Process Server

FALCON EXPRESS SERVICES, LLC
P.O. Box 874
Charleston, SC 29402-0874
(843) 577-9696

Our Job Serial Number: FES-2021000402

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c

ELECTRONICALLY FILED - 2021 Feb 08 3:15 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

ELECTRONICALLY FILED - 2021 Feb 08 3:16 PM - BERKELEY - COMMON PLEAS - CASE#2021CP0800256

## AFFIDAVIT OF SERVICE

State of South Carolina                    County of Berkeley                    Common Pleas Court

Case Number: 2021-CP-08-00256

Plaintiff:
**Tuition Payer 100, Viewed Student Female 200, Viewed Student Male 300, on behalf of themselves and all others similarly situated**

vs.

Defendant:
**The Bishop of Charleston, a corporation sole, Bishop England High School, et al.**

For:
The Richter Firm, LLC
622 Johnnie Dodds Blvd.
Mount Pleasant, SC 29464

Received by FALCON EXPRESS SERVICES, LLC to be served on **The Bishop of the Diocese of Charleston in his Official Capacity, 901 Orange Grove Road, Charleston, SC 29407.**

I, Margaret B. Buchanan, being duly sworn, depose and say that on the **4th day of February, 2021 at 10:06 am,** I:

**SUBSTITUTE** served by delivering a true copy of the **SUMMONS, CONSOLIDATED CLASS ACTION COMPLAINT, and EXHIBITS 1-7** with the date and hour of service endorsed thereon by me, to: **Joan Smith as Executive Assistant,** a person employed therein and authorized to accept service for **The Bishop of the Diocese of Charleston in his Official Capacity** at the address of: **901 Orange Grove Road, Charleston, SC 29407,** the within named person's usual place of **Work,** in compliance with State Statutes.

**Description** of Person Served: Age: 60, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 150, Hair: Blonde, Glasses: Y

Is the place of service the dwelling / usual place of abode for the party served? ( ) Yes ( ✓ ) No ( ) Unknown

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.



Subscribed and Sworn to before me on the 4ᵗʰ day
of _February_, _'21_ by the affiant who is
personally known to me.

_Stanley Low III_
NOTARY PUBLIC
My Commission Expires: _4/29/29_

Margaret B. Buchanan
Process Server

FALCON EXPRESS SERVICES, LLC
P.O. Box 874
Charleston, SC 29402-0874
(843) 577-9696

Our Job Serial Number: FES-2021000403

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c