**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Tuition Payer 100, Viewed Student Female 200, Viewed Student Male 300, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>The Bishop of Charleston, a Corporation Sole, Bishop England High School, Tortfeasors 1-10, The Bishop of the Diocese of Charleston, in his official capacity, and Robert Guglielmone, individually,<br><br>Defendants. | C/A: 2-21-cv-00613-RMG<br><br><br><br><br>**MOTION TO REQUIRE PLAINTIFFS TO COMPLY WITH RULE 17, FED.R.CIV.P.** |

Defendants move to the Court to require Plaintiffs to comply with Fed. R. Civ. P. 10 and 17. Rule 10 mandates that "The title of the complaint must name all the parties." Rule 17 requires that "an action be prosecuted in the name of the real party in interest." As such, Defendants and the public have an interest in knowing the identity or the existence of the party bringing suit. At present, the Diocese is unable to adequately prepare a defense (and perform other tasks such as perform a conflict check, respond to discovery requests, etc.) without knowing Plaintiffs' identity. Additionally, the class of individuals Plaintiffs seek to represent is entitled to know exactly who purports to represent them as fiduciaries prosecuting a putative class action. Therefore, Plaintiffs should be ordered to amend their Complaint to comply with the requirements of the Federal Rules of Civil Procedure.

## ARGUMENT

In federal court, there is no right to prosecute a civil action anonymously. Rather, it is only appropriate in very limited circumstances. *Doe v. Pittsylvania County, Va.,* 844 F.Supp.2d 724, 728 (W.D. Va. Feb. 3, 2012) quoting *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. Unit A 1981)). The presumption of openness in judicial proceedings is firmly rooted in our nation's law. *Doe 1 v. Merten,* 219 F.R.D. 387, 390 (E.D.Va.2004). Anonymity is not contemplated by the Federal Rules of Civil Procedure. Rule 10(a) provides that the "title of the complaint must name all the parties." The intent of the drafters is to "apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings." *Doe v. Hallock,* 119 F.R.D. 640, 643 n. 1 (S.D.Miss.1987) (quoting *Free Market Comp. v. Commodity Exch., Inc.,* 98 F.R.D. 311, 312 (S.D.N.Y.1983)); *Doe v. Rostker,* 89 F.R.D. 158, 160 (N.D.Cal.1981).

Not only is Plaintiffs' ability to proceed anonymously not absolute, it is also not automatic. In *Richard S. v. Sebelius*, the Court recognized "absent permission to proceed anonymously, if a complaint fails to comply with Rule 10(a) and does not divulge the plaintiff's identity, its filing is ineffective to commence an action and the court lost jurisdiction over the unnamed parties." 2012 WL 190344, *1 (D.S.C. May 25, 2012); See, e.g., *Nat'l Commodity & Barter Ass'n. et al v. Gibbs,* 886 F.2d 1240 (10th Cir.1989). In this case, Plaintiffs never filed a motion seeking permission to proceed anonymously or under a pseudonym. In *Richard S*, the Court stated it "does not condone the filing of an action anonymously without permission." Ultimately, in *Richard S.* the Court made a clear statement on the issue, reiterating the public's interest in the parties' identities and, further, stating the burden to request the plaintiffs' identities should not fall on defendants. *Id.* citing *See Qualls v. Rumsfeld,* 228 F.R.D. 8, 13 (D.D.C.2005) ( "[p]seudonymous

litigation is for the unusual or critical case, and it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner.).

In *Richard S.*, the court used the balancing test set forth in *James v. Jacobson* to make its decision, which consists of the following factors:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and
>
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6F.3d. 233 (4th Cir. 1993).

Plaintiffs have not made any showing that there is a risk of public humiliation and ridicule should their identities be revealed. Rather, except for a Plaintiff who may still be a minor, all Plaintiffs should comply with the Rules and appear personally. The balancing test set forth in *James* militates in favor of requiring the Tuition Payer Class Representatives to reveal their identities. Plaintiffs cannot mimic Doe's argument they are afraid of public humiliation and entitled to privacy due to the highly sensitive nature of the allegations because the allegations are not highly sensitive or personal. "Courts have generally been reluctant to provide anonymity based on a plaintiff's fear of embarrassment over the revelation of personal matters." *Richard S. v. Sebelius*, No. 3:12-007-TMC, 2012 WL 1909344, at *2 (D.S.C. May 25, 2012). The Tuition Class Member 100 solely paid tuition, nothing more. The payment of tuition for a student who may

have been observed changing clothes in a high school locker room is hardly the exceptional circumstance that would permit proceed under a pseudonym.

As for the Viewed Class Members, if they are still minors, the Viewed Class representatives may be able to satisfy the *Jacobsen* requirements. Otherwise, there is no reason to justify the Court's turning a blind eye to the requirements set forth by the Constitution and Federal Rules of Civil Procedure. The Viewed Class members assert a right of action because they might have been seen in the locker rooms at Bishop England – that is not one of the exceptional circumstances that warrants permitting them to proceed anonymously.

        Respectfully submitted,

**TURNER PADGET GRAHAM & LANEY, PA**

*s/Richard S. Dukes, Jr.*
Richard S. Dukes, Jr., (Federal ID No. 7340)
40 Calhoun Street, Suite 200
Charleston, South Carolina 29401
Telephone: (843) 576-2800
Email: RDukes@turnerpadget.com

Megan A. Rushton (Federal ID No. 13303)
P.O. Box 1509
Greenville, South Carolina29062
Telephone: 864-552-4691
MRudd@turnerpadget.com

**ATTORNEYS FOR DIOCESE DEFENDANTS**

July 7, 2021