# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Tuition Payer 100, Viewed Student Female 200, Viewed Student Male 300, on behalf of themselves and all others similarly situated, <br><br>    Plaintiffs, <br><br>  v. <br><br>The Bishop of Charleston, a Corporation Sole, Bishop England High School, Tortfeasors 1-10, The Bishop of the Diocese of Charleston, in his official capacity, and Robert Guglielmone, individually, <br><br>    Defendants. | Civil Action No. 2:21-613-RMG <br><br> **ORDER AND OPINION** |

  Before the Court is Defendants' motion to compel Plaintiffs to comply with Fed. R. Civ. P. 10 and 17. (Dkt. No. 24). For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

**Facts**

  Plaintiffs bring this putative class action against Defendants alleging that, for roughly two decades, students at Bishop England High School ("BEHS") were made to disrobe in locker rooms which contained "large glass window[s]" whereby BEHS employees, agents, and/or others may have viewed students. (Dkt. No. 1-1 at 4-5). Plaintiffs' complaint identities two putative classes: (a) the Tuition Class, "consist[ing] of all persons who paid tuition for BEHS student(s) . . . who at any time from the opening of the school year in 1988 through May 10, 2019 have been subjected to the use of BEHS's dressing rooms/locker rooms to undress and/or dress, shower, or for any

1

other activity that would cause the student to be partially or fully nude, [and] exposed to the viewing windows," and the (b) Viewed Class, consisting of "students who during the relevant time period . . . were required by Defendants to robe and/or disrobe in the view of third parties." (*Id.* at 16). Plaintiffs bring the following claims: (1) Viewed Class—Wrongful Intrusion into Private Affairs; (2) Tuition Class—Direct Negligence; (3) Tuition Class—Unjust Enrichment; (4) Tuition Class—Breach of Warranty; (5) Tuition Class and Viewed Class—Negligent Hiring, Supervision and Retention; (6) Viewed Class—Negligence. (*Id.* at 18-26).

On February 3, 2021, Plaintiffs filed this action under fictitious names in the Court of Common Pleas for Berkeley County. *See generally* (Dkt. No. 1-1).

On March 3, 2021, Defendants removed this action. (Dkt. No. 1).

On July 7, 2021, Defendants moved to require Plaintiffs to file an amended complaint in compliance with Fed. R. Civ. P. 10 and 17. (Dkt. No. 24). Plaintiffs oppose. (Dkt. No. 26). Defendants filed a reply. (Dkt. No. 28).

Defendants' motion is fully briefed and ripe for disposition.

## Legal Standard/Discussion

Generally, the identity of the parties in an action should not be concealed. Courts have long held that the First Amendment protections of freedom of speech and press safeguard the public's right to attend trials, which must be "open to the public absent an overriding and clearly articulated interest to the contrary." *Doe 1 v. Marten,* 219 F.R.D. 387, 390–91 (E.D. Va. 2004) (*citing Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 576, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980)). A plaintiff seeking to proceed anonymously must show that he or she has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of

openness in judicial proceedings." *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir. 1981). This presumption of openness is firmly rooted in our nation's law. *Marten,* 219 F.R.D. at 390.

Embodying the presumption of openness, the Federal Rules do not provide for suits by persons using fictitious names or for anonymous plaintiffs. *Id. See also Coe v. United States Dist. Court,* 676 F.2d 411, 415 (10th Cir. 1982). Rule 10(a) provides:

> Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Plaintiffs have been permitted to proceed under pseudonyms only under certain circumstances. *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). It is the exceptional case in which a court allows a party to proceed anonymously. *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir.1993) (allowing a party to proceed anonymously is a "rare dispensation").

When determining whether such an exception is justified, a court should consider the following factors: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *James,* 6 F.3d at 238.

As to the Tuition Class, the Court finds the *James* factors clearly weigh against allowing Plaintiffs to proceed anonymously. The Tuition Class does not allege Defendants violated highly sensitive, private matters nor have Plaintiffs argued in a non-conclusory manner that the Tuition Class faces a risk of retaliation if their identities are revealed. *See Richard S. v. Sebelius*, No. CA

3

3:12-007-TMC, 2012 WL 1909344, at *2 (D.S.C. May 25, 2012) (noting "courts have generally been reluctant to provide anonymity based on a plaintiff's fear of embarrassment over the revelation of personal matters" and that the "[t]ypes of cases in which plaintiffs have been permitted to proceed anonymously in other courts include birth control cases, abortion cases, welfare cases involving minors born to unmarried parents, and cases involving issues of homosexuality") (internal citations omitted); (Dkt. No. 26 at 3, 5) (arguing "Plaintiffs herein assert their public identification poses a risk of retaliation" but providing no detail as to why this is so). Further, the Tuition Class is likely comprised entirely of adults, weighing against anonymity. *See also* (Dkt. No. 28 at 6) (noting Plaintiffs have "placed Defendants' credibility and reputation at issue . . . [and] Defendants should be permitted to test the strength of Plaintiff's serious allegations, defend against them, and exonerate themselves publicly"); *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996) (noting "the unusual practice" of proceeding anonymously "is seen most often in litigation against a governmental officer or entity"). *Contra Doe v. Teti*, No. 1:15-mc-1380, 2015 WL 6689862, at *3 (D.D.C. 2015) (observing that "[t]here is nothing self-evident about favoring or not favoring anonymity based upon the defendant being either a government or private party"). Thus, Defendants' motion is granted as to the Tuition Class.

As to the Viewed Class, the Court finds that the *James* factors currently weigh in favor of Plaintiffs proceeding anonymously. As alleged in the complaint,[1] at the time they were viewed or potentially videotaped, members of the Viewed Class were minors, a fact which favors anonymity. *See Plaintiff B v. Francis*, 631 F.3d 1310, 1318-19 (11th Cir. 2011) (finding allegations that

---

[1] (Dkt. No. 1-1 at 13-14, 37) (alleging BEHS employee Alan Scofield was indicted and pled guilty to charges of voyeurism for "surreptitiously film[ing] students while they used a BEHS locker room"); (*Id.* at 13-14) (alleging Scofield "upload[ed], and/or stor[ed] the videos" he took in the BEHS locker room).

4

Plaintiffs—who were then adults—were filmed in various stages of nudity engaging in explicit sexual conduct while minors upon coercion of defendants, which was marketed by Defendants in films as pornography, as highly sensitive and personal); *Id.* (finding court abused its discretion by discounting the harm of plaintiffs' association with pornographic videos using their images given the availability of the videos online and online search engines); *see also Doe v. De Amigos, LLC*, No. 11-1755(ABJ), 2012 WL 13047579 (D.D.C. 2012) (allowing adult plaintiff pursuing a cause of action for sexual assault to proceed anonymously because it was likely "graphic material about the assault will be discussed in this case, including details of the sexual assault, plaintiff's genital anatomy, hospital examinations, testing, and medications for various sexually transmitted diseases, and consequent psychiatric treatment, and that this material could reach friends, potential coworkers, and future partners by way of the internet"). *Contra Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 657, 115 S. Ct. 2386, 2392–93, 132 L. Ed. 2d 564 (1995) (noting "[p]ublic school locker rooms . . . are not notable for the privacy they afford"). As to the second element of *James*—whether identification poses a risk of physical retaliation or mental harm—this factor weighs against anonymity as Plaintiffs argue this point in a conclusory manner. *See* (Dkt. No. 26 at 3, 5); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (denying party's request to proceed anonymously where the party did not demonstrate "real, imminent personal danger" and noting that "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials"). And while the fact Defendants are private actors might weigh to some degree against anonymity, *see Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 797, 713 (5th Cir. 1979) (finding anonymity unfair in the case with publicized allegations of sex discrimination against private firm given risk to defendant's reputation and revenues), the Court finds that any potential unfairness against Defendants, *see*

5

(Dkt. No. 28 at 2) (noting "Defendants have been unable to run a conflict check, conduct a routine investigation into Plaintiffs' claims, verify their status as current or former students, engage in effective discovery, or mount an adequate defense of this lawsuit" because of Plaintiffs' proceeding anonymously), can be mitigated as Plaintiffs must disclose to Defendants, pursuant to the Confidentiality Order entered in this case, (Dkt. No. 23), their true identities. *See* (Dkt. No. 26 at 1) ("To be clear, Plaintiffs only seek to maintain the anonymity of their filings in the caption of the Complaint and its searchable database which is public, and continue to conduct this litigation in accordance with the parties['s] previously filed consent confidentiality order."). Thus, giving extra weight to the fact the allegations regarding the Viewed Class occurred while putative members were minors, the Court finds—at this stage of the litigation—that the *James* factors favor anonymity. *See Plaintiff B*, 631 F.3d at 1317 (remanding to the district court to determine if "Plaintiffs J and S" were entitled to proceed anonymously at trial and directing the trial court to, *inter alia*, "consider whether [requiring these plaintiffs to proceed in their own names] requires disclosing information of 'utmost intimacy' in light of their ages at the time of the filming").

The Court therefore denies Defendants' motion as to the Viewed Class.

## Conclusion

For the reasons stated above, Defendants' motion to compel Plaintiffs to comply with Fed. R. Civ. P. 10 and 17 (Dkt. No. 24) is **GRANTED IN PART AND DENIED IN PART.** Defendants' motion is **GRANTED** to the extent that Plaintiffs are directed to file an amended complaint which identifies the named plaintiffs representing the Tuition Class on or before August 13, 2021. Defendants' motion is otherwise **DENIED.**

**AND IT SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 4, 2021
Charleston, South Carolina