# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Gary Nestler, Viewed Student Female 200, Viewed Student Male 300, on behalf of themselves and all others similarly situated, )<br>)<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>The Bishop of Charleston, a Corporation Sole, Bishop England High School, Tortfeasors 1-10, The Bishop of the Diocese of Charleston, in his official capacity, and Robert Guglielmone, individually, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 2:21-613-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendants' motion for protective order regarding redacted portions of Maria Aselage's emails. (Dkt. No. 55). For the reasons set forth below, the Court denies the motion.

**Facts**

Plaintiffs bring this putative class action alleging that, for roughly two decades, students at Bishop England High School ("BEHS") were made to disrobe in locker rooms which contained "large glass window[s]" whereby BEHS employees, agents, and/or others may have viewed students.

On May 1, 2019, BEHS employee Jeffrey Scofield was arrested after BEHS reported to law enforcement that he took videos and made photographs of male students changing clothes in one of the school's locker rooms.

1

Plaintiff filed this suit on February 3, 2021. The next day, Defendants issued a press release regarding the lawsuit that identified Aselage as Director of Media Relations for the Diocese and provided her contact information. (Dkt. No. 42 at 2); (Dkt. No. 45-3).

Plaintiffs deposed Aselage on October 7, 2021. During Aselage's deposition, Aselage's personal attorney instructed her not to answer questions regarding conversations Aselage had with the Diocese's General Counsel.

After the deposition, on October 13, 2021, Plaintiffs served Aselage and her company Hearsay Communications a subpoena requesting various communications relevant to the above cited press release. (Dkt. No. 43-2).

On October 13, 2021, Defendants filed a motion for protective order requesting that the Court find Aselage was not required to testify or provide documents or other discovery regarding her discussions with the Diocese's General Counsel. (Dkt. No. 42 at 1-2) ("Aselage . . . should not be required to testify or to provide documents or other discovery regarding her consultation with the Diocese's General Counsel regarding these matters."). On October 14, 2021, Aselage filed a motion for order of protection and to quash subpoena requesting similar relief. (Dkt. No. 43). Defendants argued that Aselage's communications with Defendants and their General Counsel were privileged and confidential as attorney client material and work product. Neither of the above cited motions included documents for the Court's *in camera* review nor a privilege log.

On November 3, 2021, the Court denied both motions. *Gary Nestler, et al., v. The Bishop of Charleston, a Corp. Sole, et al.*, No. CV 2:21-613-RMG, 2021 WL 5122059, (D.S.C. Nov. 3, 2021). The Court found that neither Defendants nor Aselage had met their burden of showing that Aselage was the functional equivalent of Defendants' employee nor that the subpoenaed documents were privileged or otherwise contained attorney work product. To the contrary, the

2

Court held that Aselage was not the functional equivalent of an employee and that Defendants had waived any privilege in their communications with Aselage.

> Under *Bieter*, Aselage is not the "functional equivalent" of an employee of Defendants. *See AVX Corp. v. Horry Land Co.*, No. 4:07-CV-3299-TLW-TER, 2010 WL 4884903, at *5, 7 (D.S.C. Nov. 24, 2010) (declining to find, after considering declarations and documents submitted for *in camera* review, that outside consultant was the functional equivalent of an employee and noting that "courts must narrowly construe the [attorney-client] privilege and recognize it 'only to the very limited extent that ... excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth' ") (citing *Trammel v. United States,* 445 U.S. 40, 50, 100 S. Ct. 906, 63 L. Ed. 2d 186 (1980)); *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 315 CV 07658MASLHG, 2021 WL 3140050, at *14 (D.N.J. July 22, 2021) (finding waiver where consultant's services "consisted of general public relations assistance, the primary purpose of which was to present a favorable public image of Valeant, not to assist its attorneys in litigation"); *Calvin Klein Trademark Trust v. Wachner*, 198 F.R.D. 53, 55 (S.D.N.Y. 2000) (holding that disclosure of otherwise privileged communications to a public relations firm providing "ordinary public relations advice" constituted a waiver). Defendants and Aselage's conclusory arguments that Aselage is the functional equivalent of an employee of the Diocese, in the *Bieter* sense, are simply unavailing

*Id.* at *3. The Court explicitly held that "no attorney-client relationship exists between the Diocese and Aselage and . . . Aselage's communications with the Diocese's General Counsel are not entitled to protection from discovery." *Id.* at *4. Accordingly, the Court ordered that Aselage respond to Plaintiff's subpoena by November 12, 2021. The Court further ordered that Aselage's deposition be reconvened and terminated in accordance with said order.

On November 12, 2021, Defendants filed the instant motion, (Dkt. No. 55), claiming that, while "Aselage is producing emails and documents responsive to the subpoena," "a small number of emails . . . include legal advice, strategic plans, and development of defense themes by in house and outside counsel." (*Id.* at 2). Defendants thus seek a protective order regarding various emails now identified in a privilege log.

On November 18, 2021, Plaintiffs responded in opposition to the instant motion. (Dkt. No. 59). Plaintiffs attached correspondence with Aselage's attorney. The correspondence suggests that, prior to either Defendants or Aselage filing their initial motions for protection, (Dkt. Nos. 42 & 43), neither Aselage nor Defendants had reviewed the emails in question. On November 9, 2021, roughly six days after the Court issued the above order, Aselage's counsel wrote to Plaintiffs' counsel, "I was made aware of the nature of the emails regarding the subpoena, however, there are approximately 200 emails. Ms. Aselage began collecting and sorting the emails after I made her aware of the subpoena." (Dkt. No. 59-2 at 10-11); (Dkt. No. 59-4 at 61:2-6) (testifying that Aselage sent the subpoenaed documents to her attorney on November 5, 2021).

**Legal Standard/Analysis**

Fed. R. Civ. P. 26(b)(5)(A) provides:

When a party withholds information otherwise discoverable by claiming that the information is privileged ..., the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Generalized claims of privilege are insufficient. *Richardson v. Sexual Assault/Spouse Abuse Research Center, Inc.,* No. MJG–09–3404, 2010 WL 4290327, *5 (D. Md. Oct. 28, 2010). To comply with the requirements set forth in Rule 26(b)(5)(A), a party seeking protection from producing documents must produce a privilege log that "identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter." *Victor Stanley, Inc. v. Creative Pipe, Inc.,* 250 F.R.D. 251, 264 (D. Md. 2008).

4

The Court denies Defendants' motion. As made clear above, the Court already ruled on the very issues Defendants attempt to raise in the current motion. Specifically, the Court found that Defendants had not met their burden of showing their communications with Aselage were privileged or that any portion of them were otherwise entitled to protection. The Court will not revisit this issue.[1] Further, when Defendants filed their initial motion for protection, (Dkt. No. 42), they provided neither documents for the Court's *in camera review* nor a privilege log for the Court or Plaintiffs' consideration. The failure to file a privilege log with their initial motion is arguably fatal here. *See Mezu v. Morgan State Univ.,* 269 F.R.D. 565, 577 (D. Md. 2010) ("Absent consent of the adverse party, or a Court order, a privilege log (or other communication of sufficient information for the parties to be able to determine whether the privilege applies) must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege."); *AVX Corp. v. Horry Land Co.*, No. 4:07-CV-3299-TLW-TER, 2010 WL 4884903, at *4 (D.S.C. Nov. 24, 2010) ("Failure to produce a timely or sufficient privilege log may constitute a forfeiture of any claims of privilege.").[2]

---

[1] Construed as a motion for reconsideration under Fed. R. Civ. P. 54(b), Defendants' motion fails because Defendants identify no evidence previously unavailable to them nor do they identify a clear error of law. *See Collison v. Int'l Chm. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (noting Rule 59(e) permits reconsideration of a prior ruling "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice"); *Quigley v. United States*, 865 F. Supp. 2d 685, 699-700 (D. Md. 2012) (noting courts routinely look to the standards applied under Rule 59(e) for guidance in applying Rule 54(b)); *Small v. Hunt,* 98 F.3d 789, 798 (4th Cir.1996) (noting that "if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding.") (internal quotation marks omitted).

[2] Currently, the Court declines to award Plaintiffs attorney's fees under Fed. R. 26(c)(3) and 37(a)(5)(B) as it finds such an award would be unwarranted or unjust under the circumstances.

**Conclusion**

For the reasons stated above, the Court **DENIES** Defendants' motion for protective order. (Dkt. No. 55). Aselage must produce all subpoenaed documents in unredacted form on or before November 26, 2021. Further, on or before December 3, 2021, Aselage's deposition must be reconvened so that Plaintiffs may question her regarding the documents she was ordered to but did not produce.

**AND IT SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 2, 2021
Charleston, South Carolina