**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Gary Nestler, *et al.*, | ) | Civil Action No. 2:21-cv-613-RMG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Bishop of Charleston, a Corporation Sole, *et al.*, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is Defendants' motion for summary judgment (Dkt. No. 85). For the reasons set forth below, the Court grants Defendants' motion.

## I.    Background

On March 24, 2022, the Court denied Plaintiffs' motion for class certification. (Dkt. No. 84) (the "Prior Order"). The Court found, inter alia, that each named plaintiff lacked standing to pursue their respective claims. (*Id.* at 12-14).

On May 24, 2022, the Court denied Plaintiffs' motions for reconsideration. (Dkt. No. 95).

Defendants move for summary judgment. (Dkt. Nos. 85, 99). Plaintiff opposes. (Dkt. No. 98).

Defendants' motion is fully briefed and ripe for disposition.

## II.    Legal Standard

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure should be granted only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Facts are material where they "might affect the outcome" of the case, and a "genuine issue" exists where the evidence would allow a

1

reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Further, the nonmoving party's evidence "is to believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

### III.    Discussion

In its Prior Order, the Court denied Plaintiffs' motion for class certification on the basis that the proposed classes were fail-safe classes and not ascertainable, that neither predominance nor superiority were met, and that the named Plaintiffs lacked standing.  The Court noted that crucial to all of Plaintiffs' claims was a finding that an individual was either viewed or had a child who was viewed while attending Bishop England High School during the applicable time period through a particular glass window in the locker rooms. (Dkt. No. 84 at 7 n.2) (noting that Plaintiffs' negligence, unjust enrichment, and warranty claims turned on a finding that an individual was viewed); (*Id.* at 9) (holding that South Carolina law explicitly required actual viewing to establish the tort of wrongful intrusion into private affairs); *Snakenberg v. Hartford Cas.*, 299 S.C. 164, 171-72 (Ct. App. 1989) (The cause of action for wrongful intrusion into private affairs consists of (1) an intentional (2) intrusion, (3) which is substantial and unreasonable, (4) into that which is private.); *Id.* at 172 (Damages "consist[] of the unwanted *exposure* resulting from intrusion.") (emphasis added); *O'Shea v. Lesser*, 308 S.C. 10, 17-18 (1992) (Where "a plaintiff bases an action for invasion of privacy on 'intrusion,' bringing forth no evidence of public disclosure, it is incumbent upon him to show a blatant and shocking disregard of his rights, and serious mental or physical injury or humiliation to himself resulting therefrom.") (*citing Rycroft v. Gaddy*, 281 S.C. 119 (Ct. App. 1984)).  In the Prior Order, the Court noted that none of the named plaintiffs had put forth evidence of being viewed and thus lacked standing to pursue their claims. *See* (Dkt. No. 84 at 13-14) ("[A]s . . . detailed *supra*, neither Viewed Student Female 200 nor Viewed Male Student

2

300 testified to having been viewed by anyone . . . . Nor did Nestler testify that his daughter had been viewed.").

The Court finds that Defendants are entitled to summary judgment.  As established by the Prior Order, none of the named Plaintiffs can establish that they suffered a legally cognizable injury. (Dkt. No. 84 at 7 n.2, 12-13) (noting that testimony from the named plaintiffs established none had been viewed and that, therefore, "none of these individuals suffered an 'intrusion' under *Snakenberg*, or an otherwise concrete harm") (internal citation omitted). Accordingly, as Plaintiffs "[b]y their own admissions . . . cannot establish any claim against any Defendant," *see* (Dkt. No. 99 at 1), Defendants are entitled to judgment as a matter of law.

**IV.    Conclusion**

For the reasons stated above, Defendants' motion for summary judgment (Dkt. No. 85) is granted. The Clerk is directed to close this case.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

June 17, 2022
Charleston, South Carolina

3